## FORMAN v. WHITNEY.

### December, 1865.

Under a bequest to the widow, for life, of the interest on a specified sum, or so much thereof as the executors may deem necessary for her comfort, she is entitled to so much as is requisite to give security from want, and furnish reasonable physical, mental and spiritual enjoyment.

The fact that she is supported by a son, under an agreement to maintain her for life, does not excuse the executor's neglect to make regular and sufficient payments.

She is entitled to choose her own place of abode.*

Clarissa Forman sued Edwin H. Whitney and Susan and Elizabeth Ann Coapman, executors of the will of Ambrose

---

* See Smith v. Bowen, 35 N. Y. 83; Tobias v. Cohn, 36 Id. 363; Bundy v. Bundy, 38 Id. 410; 47 Barb. 135; Vedder v. Saxton, 46 Barb. 188; Burns v. Clarke, 37 Id. 496; Gilman v. Reddington, 24 N. Y. 9; 1 Hilt. 492; Hull v. Hull, 24 N. Y. 647; Terpenning v. Skinner, 30 Barb. 373; Hart v. Hart. 22 Barb. 606; overruling in effect, 14 How. Pr. 418; McKellip v. McKellip, 8 Barb. 552; Hawley v. Morton, 23 Id. 255; Loomis v. Loomis, 35 Id. 624; Butler v. Tucker, 24 Wend. 447; Pool v. Pool, 1 Hill, 580; Merritt v. Seaman, 6 N. Y. (2 Seld.) 168; Ferris v. Purdy, 10 Johns. 359.

Forman *v.* Whitney.

Whitney, deceased, to recover the whole interest on the sum of three thousand dollars, under a provision in the will of the testator, and to compel the regular payment to plaintiff of the whole interest thereafter to accrue on that sum.

The testator's will contained the following provision for the plaintiff: " I give and bequeath to my wife, Clarissa Forman, during her natural life, the interest of three thousand dollars, or so much of said interest as my executors may deem necessary, for her comfort." The principal, after her death, he gave to his grandchildren.

The testator gave the residue of his estate to the two daughters, who were executrices of the estate, and, with Whitney, were the defendants in this action.

More than ten years before the testator's death, one of the sons had entered into an agreement with his mother (the present plaintiff) that, in consideration of her releasing a certain claim of dower, he would provide her during her life with good and comfortable food, lodging and board, in a comfortable and proper part of the dwelling-house, and furnish her with all things suitable for her comfortable maintenance, except clothing. After testator's death the widow resided with this son, under this agreement; and the defendants claimed that they were not bound to pay over more of the interest specified in the will than was specifically needed by her; and in nearly two years and a half after testator's death, and before this action was brought, they paid her only forty-five dollars. They also relied on the fact that the daughters had requested their mother to come and live with them and be by them supported, and provided with everything necessary to her comfort.

It was proved that the estate left by the deceased was worth upwards of twenty-thousand dollars. That plaintiff had only received forty-five dollars. That she was aged, unable to work, and the whole interest was necessary for her comfort and support. That defendants had not inquired into her necessities, nor answered her applications for money, nor fixed any time of payment, nor any amount. The judge before whom the cause was tried gave judgment for the plaintiff, for the whole interest (less what had been paid), to be paid at a fixed time, yearly, but allowed no costs to either party.

*The supreme court* at general term, on appeal from the judgment, in an opinion by LOTT, J., held that, as the clause in the will did not refer to the agreement for support, it should not be deemed auxiliary to it, but independent of it ; and plaintiff was free to find a home elsewhere ; hence, the justice was warranted in finding, in the absence of proof to the contrary, that the whole interest was necessary for her support. The invitation of the daughters was no answer to her claim in this action, because she had the right to select her own home. In affirming the judgment, they, however, reserved leave to defendants to apply thereafter on new circumstances, for a reduction of the allowance. Defendants appealed to this court.

*George Rathburn,* for defendants, appellants,—Insisted that the court erred in the findings of fact, as to the amount of property, the necessity of the whole interest, and defendants' neglect, and in the conclusion of law, that defendants had not acted in good faith, and that plaintiff was entitled to recover.

*Allard Anthony,* for plaintiff, respondent,—Cited *Taylor's Prec. of Wills,* 53, 561; Stillwell *v.* Bernard, 6 *Ves.* 520; 1 *Barb. Ch.* 411; 3 *Sandf. Ch.* 623; 6 *Paige,* 298.

BY THE COURT.—DAVIS, J.—This appeal is wholly without merit. The only error of the court below was in not awarding costs to the respondent.

The testator, leaving a property valued at more than twenty thousand dollars, made no provision for his widow, except the annual interest of three thousand dollars. This he directed to be paid to her by his executors, or so much thereof as they " should deem necessary to her comfort." She was old and unable to support herself. The judge before whom the action was tried found that she needed for her comfort the whole of the annual interest bequeathed to her. But her daughters, who were executrices of the will and residuary legatees, entitled to take whatever could be saved out of the interest provided for the old lady, had furnished to her, during a period of more than two years, the munificent sum of forty-five dollars. The judge found, also, that the trustees had made no inquiries into

her wants and necessities; that they had not answered her applications for money, and had fixed no amount, nor time of payment of any sum which in their discretion she was entitled to receive; and that the payments which made up the pittance above named had been "fitful, uncertain and insufficient."

Such an apparent abuse of the trust confided to them by the will, should demand a clear explanation and valid excuse, without which it would seem to have been dictated by a heartless avarice looking only to the future interests of the residuary legatees. The excuse put forward is found in the fact that, under an agreement between the plaintiff and her son, she was entitled to her board and lodging in his house so long as she chose to remain there; and in the assumption that nothing further could be necessary to her comfort but suitable clothing, for which the old lady testified she had never suffered—though she naively added, "I might have looked better."

This excuse was altogether too narrow. The comfort for which the testator provided was not bounded by a mere *quantum sufficit* to eat, to drink and to wear. The most advanced old age demands, while reason remains, something more than these for its continued enjoyment of life. The word embraces whatever is requisite to give security from want, and furnish reasonable physical, mental and spiritual enjoyment. It implies, says Webster, "some degree of positive animation of the spirits, or some pleasurable sensations derived from hope and agreeable prospects." Mrs. Forman was entitled to feel that sense of independence which would flow from the fact of having a sure income adequate to her few and limited wants; to feel at liberty to go and come in unrestricted freedom, and te visit her friends and relatives at her own pleasure, with no depression of spirits from the idea that she is or may be a burden to them. In short, to possess those nameless currents of enjoyment which take their rise in the assurance of money in the pocket and more to come.

Instead of this, she has had under her husband's will fortyfive dollars, and a lawsuit! the latter carried through all the courts to this ultimate tribunal, while, in the mean time, she has been rapidly verging on the venerable age of eighty years.

One might almost doubt the filial affection of such trustees, if their good faith were not solemnly averred in the pleadings.

I am of opinion that the judgment should be affirmed, with costs of this appeal, and with ten per cent. damages for the delay, to be computed on all moneys now due under the decree.

All the judges concurred.

Judgment affirmed, with costs, and ten per cent. damages.