COLLISTER v. FASSITT.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. WILLS—CONSTRUCTION.

Plaintiff lived in her uncle's family for 11 years, until she was 17, and a few weeks prior to his death went to stay with her grandmother. Four days after she left her uncle made his will, directing his wife to support his niece in a fitting manner. The widow contested the will upon the ground that the plaintiff, at the time she went to her grandmother's, had left her uncle intending never to return. It was not shown that the testator knew of her intention to stay away, if it existed. *Held* not to show intent of testator changed after the making of the will.

2. SAME—SUPPORT OF BENEFICIARY.

Plaintiff's uncle, by will, provided that his widow should support the plaintiff, his niece, out of his estate. The widow repudiated the duty, and the plaintiff brought suit. A demurrer to complaint was overruled. After such judgment the widow answered the complaint by admitting the death of the testator, and his making a will, and denying all other allegations. Upon the morning of the trial she delivered a letter to the plaintiff, informing her that she had concluded to exercise the discretion vested in her under the will, and allow the plaintiff $400 per annum from that date. The testator had been dead seven years. *Held*, that the position the defendant had maintained from the testator's death to the time of the trial showed that this offer was not made in good faith, and would not deprive the court of the right to determine what amount would provide a reasonable support for plaintiff, under the circumstances.

3. SAME.

Plaintiff's uncle, by his will, provided that his wife should support a niece that had lived with the family for 11 years, and that upon the death of the wife the niece should be supported from the income of a $20,000 trust fund set apart for that purpose. A daughter was to be supported out of a fund of $50,000 in like manner. The balance of the estate, amounting to about $125,000, went to the wife unconditionally. *Held* that, upon an entire repudiation of the duty imposed upon the wife by the will, a judgment for the plaintiff against her, after seven years' default, for $5,004.45, and for a future yearly payment of $1,000, was not excessive.

Appeal from special term.

Action by Georgie S. Collister against Amelia A. Fassitt. From a judgment for plaintiff, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edmund Francis Harding, for appellant.

Hamilton Wallace, for respondent.

INGRAHAM, J. The question as to the construction to be given to the fourth clause of the testator's will, and the obligation imposed upon the testator's wife for the support and benefit of the plaintiff, was determined by this court upon an appeal from a judgment (39 N. Y. Supp. 800) sustaining the defendant's demurrer to the complaint; and it was held that the duty of supporting the plaintiff was imposed upon the wife, leaving only the details as to the amount and the time of payment to the wife's discretion, the court saying:

"It is impossible, therefore, reading the entire will in the light of the surrounding circumstances, not to come to the conclusion that the testator had assumed and meant to continue the duty of providing support for his niece, and the discharge of this duty after death he confided to his wife; and, she

having admittedly repudiated what should have been regarded as a sacred trust, the court can compel her to fulfill it in a fair and reasonable manner. Collister v. Fassitt, 7 App. Div. 25, 39 N. Y. Supp. 804."

After this decision, the defendant having answered the complaint by admitting the death of the testator, and his having made, published, and declared his last will and testament, and denying each and every other allegation of the complaint, the case was brought on for trial at a special term of the court. Upon such trial the plaintiff testified to her relations to the testator, the support which she had received from him during his life, and to the receipt of a letter from the defendant upon the morning of the trial, in which the defendant said:

"I have concluded to exercise the discretion vested in me under the will of my late husband, Gerard B. Scranton, deceased. dated the 11th of September, 1888, and to allow you the sum of $400 a year for your support and benefit, the same to accrue to you from November 1, 1895."

Upon the plaintiff's resting, the defendant's counsel offered no testimony, and the court filed its decision directing an entry of an interlocutory judgment in favor of the plaintiff, and deciding:

"That plaintiff is entitled to be paid by said defendant out of any property which said defendant has received, under or by virtue of such will, a sum sufficient for her necessary and suitable support, in view of her condition and necessities, and the condition and amount of the estate received by defendant under the will of said Scranton, and for an amount which shall equal the amounts she should have received from defendant since the death of said Scranton, with interest thereon from the time when such amounts ought to have been paid."

The said judgment further directed a reference to take proof, and ascertain the amount and condition of the estate which the defendant received from the said testator under the will; the amount hitherto paid by defendant to the plaintiff, and the amount and time of such payments; the amount necessary to be applied to the necessary and suitable support of the plaintiff in each year, and how and when the same should be paid. Upon the proceedings before the referee, evidence was taken as to the amount necessary for the plaintiff's support, and the amount of the estate of the testator which was received by the defendant under the will. On behalf of the defendant there was testimony taken before the referee tending to contradict the testimony of the plaintiff as to her relation to the family of the testator at the time of his death, and also tending to show that the plaintiff had intended to leave the testator's family before his death, and that she did actually go to live with her grandmother four days before the making of the will, and between three and four weeks before the death of the testator, and remained with her grandmother until her death, some time after the death of the testator. The plaintiff, at that time, was an infant. She first became a member of the testator's family when she was about six years old, and at the time of the testator's death was about seventeen years of age. In the year 1888, the year of the testator's death, he took his family, including the plaintiff, to Europe, and returned to this country in September of the same year, several months before he died. The testator had then no house in New York, but went to the Windsor Hotel,

where the plaintiff accompanied him, she staying with him at the Windsor about two weeks, when she went to her grandmother's, and the testator went to Lakewood with his wife and daughter. It appears that the grandmother was over 80 years old, and had nobody else with her, and the plaintiff went to stay with her,—to pay her a visit. The plaintiff testified that there was no intention, so far as she knew, at the time she went to her grandmother's, that she should not return to her uncle's as before, and that she still considered herself a member of the testator's family. Upon the hearing before the referee, the defendant testified that the plaintiff made up her mind to leave her family, and to go to live with her grandmother, before they left for Europe, in the spring of that year; that it was all talked over and settled; that she made up her mind in Europe that when the family arrived in America she would be called by her father's name, and would make a permanent home with her grandmother. There was no evidence, either before the court or before the referee, as to whether or not this alleged intention was communicated to the testator; but, as this will was made several days after the plaintiff left to visit her grandmother, the testator at that time being in poor health, it seems to be clear that the testator's intention as to providing for the support of the plaintiff continued after the plaintiff went to her grandmother's. The fact of her going to her grandmother's was not a change in the relation that existed between the plaintiff and the testator which could alter the effect to be given to this clause of the will.

Assuming that this testimony introduced before the referee in the proceeding under the interlocutory judgment would affect the final judgment as to the intention of the testator as expressed in this will, we fail to find anything in this evidence to show that the testator had any different intention, or that after he made the will his relations to the plaintiff were so changed as would prevent our giving to this clause of the will the construction which was placed upon it upon the former appeal. There is nothing to show that the intention of the testator changed after the making of the will, or that the relation between the plaintiff and the testator was in any degree changed before his death. That the testator had supported the plaintiff from the time she was six years of age to the time of his death was conceded, and, so far as the evidence shows, she was treated as a daughter, her wants supplied, and all sums necessary for her support and maintenance paid by the testator. It could hardly be conceived that the fact that the plaintiff went to pay a visit to her grandmother, who was the testator's mother, or, in fact, to live with her, would be considered by the testator as a severance of their relations, or an act that would change the feeling of the testator towards her, so as to make this provision of the will any the less obligatory upon the defendant, who received the main portion of the testator's estate.

The only other question before us on this appeal is as to the amount allowed by the court for the support and maintenance of the plaintiff. The defendant had persistently, from the time of the death of the testator to the time of the trial, repudiated any obligation upon

her to supply the plaintiff with any money for her support, and had deliberately refused to make her any such allowance.   After the decision of this court, determining that such obligation did exist, the defendant answered the complaint, again denying the obligation, and the case was brought on for trial upon those pleadings.   Upon the day of the trial a letter was delivered to the plaintiff from the defendant, in which the defendant undertook to exercise the discretion vested in the defendant by fixing an amount which she would allow to the plaintiff for her support.   We think the court below was quite correct in refusing to receive this letter in evidence.   It is quite apparent that, considering the position taken by the defendant, and which had been maintained from the time of the testator's death to the time of the trial, this offer was not one made in good faith, was under the guise of exercising a discretion, and an attempt to defeat an enforcement of what was the plaintiff's right under the will.

The question as to what amount the defendant should allow for the support of the plaintiff was, in view of the fact that the defendant had persistently refused to recognize any obligation to contribute towards the support of the plaintiff, even in this letter which was assumed to be an exercise of her discretion, to be determined by the court;   and such determination was not to be controlled by a pretended exercise of discretion, which, it is quite evident, was not made in good faith, recognizing the obligation that existed, but rather an attempt to defeat the enforcement of the obligation imposed upon the defendant by her husband's will.   Upon the testimony taken before the referee, he found that the plaintiff should receive from the defendant for her necessary and suitable support, for each of the six years intermediate the 8th day of December, 1888, and the 8th day of December, 1894, the sum of $500, in equal quarterly installments, and should continue to receive during each year, as long as provision is made for her support under the will of the testator, the sum of $1,000, in equal quarterly installments, and that the sum that was due and payable from the defendant to the plaintiff at the date of his report was $5,004.45.   The case was again brought on for final judgment upon the interlocutory judgment and the report of the referee, and the court, by a final decision, confirmed that report, and final judgment was entered, by which the said report was confirmed, and judgment directed against the defendant for the said sum of $5,004.45, and which provided that the plaintiff was entitled to be paid, out of the property given and bequeathed to the defendant in and by the will of the testator, the sum of $1,000 in each and every year during the plaintiff's entire life, or until she was married, payable in equal quarterly payments.   After a careful examination of the testimony of the amount necessary for the support of the plaintiff, and considering the amount realized under the will by the defendant, we do not think that we would be justified in changing this allowance.   The defendant received the income of $20,000 during her life, and upon her death the income of such $20,000, which must be about the sum of $1,000 a year, was to be paid to the plaintiff until her marriage. The will further provided a trust fund of $50,000, the income of which was to be paid to the defendant until his daughter should

arrive at the age of 28 years, when this sum was to be transferred to his daughter; and all the rest, residue, and remainder of the estate of the testator was given absolutely to the defendant. The defendant, then, received the income of $20,000 during her life, and the whole residue of the estate, amounting to about $125,000. Thus, by the will, the testator fixed the sum of $1,000 a year as a proper sum to be paid to the plaintiff for her support. It is true that he postponed the payment of this income to the plaintiff until after the death of the wife, but as that was subject to the provision in favor of the plaintiff contained in the fourth clause of the will, which imposed upon the defendant the obligation of providing for the support of the plaintiff from the estate left to the defendant, it seems but reasonable that this sum should be now fixed as the proper provision to be made for her support. We think, therefore, upon the whole case, that the judgment was right, and it is affirmed, with costs. All concur.