## MANNING v. SHEEHAN et al.

### (Supreme Court, Special Term, Monroe County. December, 1911.)

1. WILLS (§ 684*)—TESTAMENTARY TRUSTS—RIGHT OF SUPPORT.

A testamentary gift to a trustee in trust to pay to a daughter of testator semiannually the income of the trust fund for her life, and such an additional sum out of the principal as to the trustee may seem necessary for the support of the daughter with gift over on her death, requires the trustee to pay out of the principal so much as may be necessary, supplementing the income, to afford the daughter reasonable support, and the daughter living apart from her husband need not make any attempt to compel the husband to support her before calling on the trustee to perform his duty to pay from the trust fund for her support.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. § 684.*]

2. TRUSTS (§ 177*)—TESTAMENTARY TRUSTS—ENFORCEMENT—JURISDICTION OF EQUITY.

A court of equity may compel a testamentary trustee to exercise in a reasonable manner the discretion vested in him by the will creating the trust, and where there is culpable failure to exercise such discretion in a reasonable manner, the court may give specific directions as to the

---

amount to be paid, but where the trustee has not been acting in bad faith and has no intention to repudiate the obligation imposed on him by the will, the court will not give specific directions.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 230, 231; Dec. Dig. § 177.*]

Action by Rose Manning against John S. Sheehan, individually and as executor and trustee of Michael D. Sheehan, deceased, and others, to construe the will of the deceased and to obtain directions to the trustee as to the payment of moneys to plaintiff, as beneficiary. Judgment for plaintiff.

Edward Lynn, for plaintiff.

Smith & Hebbard, for defendant Sheehan as executor and trustee.

Charles E. Bostwick, guardian ad litem for defendant Elizabeth Manning, an infant.

SUTHERLAND, J. There would not seem to be much ambiguity in the clause of the will of the testator constituting the trust which is in question here. The sixth clause of the will directs the residuary estate to be divided into six parts continuing:

"I give, devise and bequeath unto my son, John S. Sheehan, and George E. Howes, one of said parts (or one-sixth of such remainder), in trust, however, to be received and held by them and by them to be kept properly invested for the use and benefit of my daughter, Rose Manning, of the town of Brighton, N. Y., and I hereby direct said trustees shall semiannually pay over to my said daughter, Rose Manning, all of the income of and from said fund during the period of her natural life, and such additional sum out of and from the principal of said fund as to them may seem necessary for the support and maintenance of my said daughter, Rose Manning, during her lifetime, and upon the death of my said daughter, Rose Manning, I direct that the remainder of said fund shall pass to and be paid over to the lawful heirs of said Rose Manning, to be equally divided among them."

The testator, Michael D. Sheehan, died in the town of Brighton, November 2, 1908, leaving real and personal property of the value of about $100,000. A portion of his estate consisted of valuable real property on East avenue in the town of Brighton, which has not been sold and is of the estimated value of $60,000. Of the balance of the estate, there is in the hands of the said John S. Sheehan, as trustee for the plaintiff, about $5,000. Since the probate of the will there has been paid to the plaintiff out of the trust fund only about $350, which slightly exceeds the income derived thereon, but has been wholly insufficient for her support and maintenance. The executor and trustee Howes has failed to qualify.

The plaintiff is a married woman, and during the past seven months has been living apart from her husband, who, during that time, has contributed nothing toward her support, and before that time contributed not to exceed $5 per week for her support. Under the will of her mother, the plaintiff is entitled to the life use of a house in Brighton, which she occupies as her home.

The plaintiff and her husband adopted the defendant Elizabeth Manning, who lives with the plaintiff and is maintained and sup-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ported by her and, if she survives, will be the only person entitled to the remainder of said trust fund in the event of the death of the plaintiff, unless she leaves other issue.

When the East avenue land is sold, the one-sixth share derived therefrom will become part of the trust fund to be administered by the trustees.

[1] The trustee testifies that the reason why he has not paid more money to plaintiff is that he was advised by his counsel that his legal right to make payments out of the principal is doubtful, and in that connection it has been suggested that the plaintiff should make further effort to induce or compel her husband to support her before any duty is cast upon the trustee or any right is given to him to pay for said trust fund; but I am satisfied that her support out of the principal of it was not the intention of the testator to so limit the discretion or duty of the trustee, and in so far as the direction of a court of equity is necessary to remove any doubt in the mind of the trustee as to the propriety of his paying a reasonable amount out of the principal of said fund to support the plaintiff, a decree should be made to the effect that the will not only authorizes the trustee to pay out of the principal of said trust fund so much as may be necessary, supplementing the income thereon, to afford the plaintiff a reasonable support, but that it is his duty as such trustee to make such payment.

The trustee has testified that in his judgment under the present circumstances it would require about $750 a year, in the aggregate, to provide her reasonable support, and that he is willing to pay her that amount if he is to be protected in such payment.

The proof shows that there has been incurred by the plaintiff obligations amounting to $200 for medical attendance and groceries, which amount should be paid by the trustee.

[2] There can be no doubt of the power of this court to compel the trustee to exercise in a reasonable manner the discretion vested in him by the will. That does not substitute the judgment of the court for the judgment of the trustee when honestly exercised; but the power exists in the court to see to it that there is a reasonable exercise of such discretion by the trustee, and that the beneficiary is not placed in a position of mere vassalage to the trustee. If there is culpable failure to exercise that discretion in a reasonable manner, the court may give specific directions as to the amounts to be paid. Collister v. Fassitt, 7 App. Div. 20, 39 N. Y. Supp. 800; Id., 23 App. Div. 466, 48 N. Y. Supp. 792; Id., 163 N. Y. 281, 57 N. E. 490, 79 Am. St. Rep. 586; Forman v. Whitney, 2 Abb. Dec. 163; Pole v. Pietsch, 61 Md. 570; In re Hodges, 7 L. R. Ch. Div. 754.

In Collister v. Fassitt, supra, the Appellate Division of the First Department said on the first appeal (the case then coming up on a demurrer to the complaint which had been sustained at Special Term):

"Undoubtedly the court cannot exercise a discretion which the testator commits to another, but it can see that a discretion confided is exercised in a reasonable, honest, and proper manner, and for the abuse of such discretion the court will afford a remedy."

After the Appellate Division had held that the demurrer in the Collister Case was not well taken, an answer was interposed and the court, at Special Term, trying all the issues, found that the trustee had disregarded his duty and repudiated the trust, and that the plaintiff was "entitled to have such trust or charge administered by said defendant under the direction of the court," and a reference was ordered to ascertain the amount which should have been paid in the past and should be paid in the future; and on the report of the reference the court granted a judgment in favor of the beneficiary of the trust for the payment of about $5,000 arrearages, and a peremptory direction was made for the payment of $1,000 per year as long as the beneficiary should live. An appeal was taken from this judgment to the Appellate Division (23 App. Div. 466, 48 N. Y. Supp. 792), where that court found that the absolute order for the payment of a fixed sum was proper because the trustee had repudiated his trust, and because the attempt which the trustee had made just before final judgment was entered to fix $400 per year as the sum to be paid the beneficiary as an exercise of the trustee's discretion was not made in good faith, but "was, under the guise of exercising a discretion, an attempt to defeat an enforcement of what was the plaintiff's right under the will." The case coming before the Court of Appeals (163 N. Y. 281, 57 N. E. 490, 79 Am. St. Rep. 586), the court of last resort said:

"We are of the opinion that the defendant took the residuary estate of the testator charged with the payment of a reasonable amount for the support of the plaintiff, in accordance with the terms of the will, and as she failed to honestly and fairly exercise the discretion vested in her, it was competent for a court of equity to ascertain the amount and decree its payment."

With reference to the offer of $400 per year, the court said:

"It was not on its face an honest and fair exercise of the discretion vested in the defendant."

And the judgment was in all things affirmed.

In the present case I am satisfied the trustee has not been acting in bad faith, and has had no intention to repudiate the obligation imposed upon him by the will, and is desirous of dealing fairly with the plaintiff, but has failed to make suitable provision for her because of a doubt as to his power in the premises under the advice of counsel.

A decree may be entered authorizing and directing the payment by the trustee of the $200 indebtedness already incurred, and likewise authorizing and directing the trustee to pay the income upon the trust fund and so much of the principal semiannually as will in the aggregate afford the plaintiff a reasonable support and maintenance. I am satisfied that the defendant trustee is right in his estimate that under existing conditions about $750 per year is necessary, and the decree may contain a provision that such amount is a proper sum to be paid by the trustee under existing conditions; but the decree will not attempt to give specific directions as to how much the trustee shall always pay to the plaintiff, because conditions may change, and if the trustee fairly exercises a reasonable discretion the court should

not put his judgment in fetters. The amount of the trust fund when the land is sold will have some bearing on the sum which should be annually paid, and special necessities may arise in the future which then may have to be provided for. The court will retain jurisdiction over the trustee, however, in the present action, and a provision should be put in the judgment permitting the plaintiff, the trustee, or the defendant Elizabeth Manning, to apply at the foot of the decree at any time for further instructions or relief in case that becomes necessary.