MARY HEAD, as Administratrix, etc., of JOHN LANDY, Deceased, Appellant, v. THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Respondent.— Order of the City Court of Yonkers affirmed, with costs. No opinion. Jenks, P. J., Stapleton, Mills, Putnam and Blackmar, JJ., concurred.

THOMAS J. KAVANAGH, as Trustee in Bankruptcy of LONG ISLAND CONTRACTING AND SUPPLY COMPANY, Appellant, v. THE CITY OF NEW YORK, Respondent.— Judgment and orders reversed and new trial granted, costs to abide the event, upon the grounds (a) that plaintiff was in any event entitled to recover the expense incurred in procuring and furnishing the bond, amounting to $150, and (b) that plaintiff was entitled to prove the various acts of the public officials which constituted the breach of the contract, by making the radical change in the street improvement which made the doing of plaintiff's contract work impossible, so as to prove the date of such breach, as that date was not admitted by the defendant and was material in determining whether or not plaintiff's claimed other expenses were reasonably incurred. Jenks, P. J., Stapleton, Mills, Putnam and Blackmar, JJ., concurred.

GEORGIANA G. MAXWELL, etc., Appellant, v. SUSAN C. HOGE and Others, Respondents.— We think the proper construction of the will of Margaret J. Maurice, deceased, is that it gave to her incompetent sister, Sarah, as much of the income as was " required or necessary " for her " proper care, comfort, maintenance and support." That amount did not rest in the uncontrolled discretion of the trustees, but was capable of judicial ascer-, tainment, and the amount was determined by the order of the court in the incompetency proceedings to be $300 per month. It follows that under all the circumstances the will must be construed as devoting to the use of the beneficiary, Sarah, the income of the estate up to $300 per month. (Rudland v. Crozier, 2 DeGex & Jones, 143; Forman v. Whitney, 2 Abb. Ct. App. Dec. 163.) But whatever rights either plaintiff or the administratrix of the estate of Sarah E. Maurice might draw from this construction of the will are lost by the adjudication of the Surrogate's Court on the accounting of the executors of Margaret J. Maurice, deceased, and of the Supreme Court, in Hoge v. Babcock. Judgment affirmed, with costs. Jenks, P. J., Mills, Rich, Putnam and Blackmar, JJ., concurred.

ANNA MARGARETHA RATZ, Respondent, v. ERHART HUMMERICH and LINA HUMMERICH, Appellants, and Another, Defendant.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Blackmar, JJ., concurred.

ANNA MARGARETHA RATZ, Respondent, v. ERHART HUMMERICH and LINA HUMMERICH, Appellants.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton, Mills and Blackmar, JJ., concurred.

JOSEPH ZUARO, Respondent, v. SAMUEL MOSKOWITZ, Appellant, and Others, Defendants.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Stapleton, Mills, Putnam and Blackmar, JJ., concurred.