In the Matter of the Application of JOHN McVICAR for a Determination as to the Validity, Construction and Effect of the Disposition of the Property Contained in the Will of ISAAC M. VANZANDT, Deceased.

JENNIE A. WEMETT, Individually and as Executrix, etc., of ESTELLA A. VANZANDT, Deceased, Appellant; WILLIAM W. VANZANDT and Another, as Executors, etc., of ISAAC M. VANZANDT, Deceased, and Others, Respondents.

Fourth Department, January 21, 1931.

*Walter N. Thwing,* for the appellant.

*Harry Pease* [*Edward A. Noble* of counsel], for the respondent William W. VanZandt.

*William J. Flynn,* special guardian for respondents William K. McVicar and others.

EDGCOMB, J.  Isaac M. VanZandt died on the 17th day of October, 1926.  He left a last will and testament, by the terms of which he bequeathed to his wife, Estella A. VanZandt, the life use of his property, and authorized his executors, in event that the income should be insufficient for Mrs. VanZandt's care, support and maintenance, to expend for that purpose so much of the corpus of his estate as, in their opinion, might be necessary.  Subject to such life estate, the testator devised a farm, consisting of about one hundred and twenty-five acres, to his son, William W. VanZandt, upon certain conditions, and the rest of his property he gave to certain children and grandchildren.

. The estate was small, and consisted of the farm above mentioned, together with some personal property from which there was little, if any, income.

Upon the death of her husband, Mrs. VanZandt left the farm, where she had resided for years, and went to live with her daughter, Jennie A. WeMett.  Mrs. VanZandt was old and feeble, and needed constant care and attention, and the occasional services of physicians and nurses.  She survived her husband by some sixteen months, departing this life on the 21st day of February, 1928. During all this time she received no money from her husband's estate, except $350, which was paid to her the day she died.

After the death of her husband, Mrs. VanZandt expended from her own estate the sum of $515.90 for washing, nurses' and doctors' bills, medicine, clothing, etc., and her executrix has presented to Isaac VanZandt's estate a properly verified claim for that amount, and for the further sum of $420, funeral expenses of Mrs. VanZandt,

less the $350 above mentioned. This bill was rejected. Thereupon, a petition was presented to the Surrogate's Court of Livingston county, praying for the construction of the will of Isaac VanZandt, and asking that the validity of said claim be passed upon. From the construction of the will given by the surrogate, and from the disallowance of this claim, Jennie A. WeMett, both individually and as executrix of her mother's estate, appeals to this court.

Concededly, Mrs. VanZandt was entitled to the use and income of her husband's estate so long as she lived. This respondent does not question. The evidence as to how much that income amounted to is very meager. Mr. McVicar, one of the executors of the estate, testified that he and his coexecutor, William W. VanZandt, who resided on the farm, had come to an understanding as to how much should be turned over to Mrs. VanZandt as income, but he did not remember just how much that was, but thought it was " around " $600. We are not told what period that estimate covered. Respondents assert that the $350 which was paid to Mrs. Van-Zandt covered all the income which had accrued. Appellant insists that a determination of that question is not important, because the claim here under consideration is a charge upon Mr. VanZandt's estate, and is entitled to be paid out of the principal, if there is not sufficient income. Whether that is so or not depends upon the construction to be placed upon his will.

In construing the meaning and effect of a testamentary disposition of property, the testator's intent should be ascertained and followed, unless it runs counter to some statute or other rule of law. (*Matter of Buechner*, 226 N. Y. 440, 444; *Fulton Trust Co.* v. *Phillips*, 218 id. 573, 580; *Close* v. *Farmers' L. & T. Co.*, 195 id. 92, 100; *Matter of Hughes*, 225 App. Div. 29, 30; affd., 251 N. Y. 529; *Matter of Kenny*, 224 App. Div. 152, 156.)

The language of Mr. VanZandt's will is in entire harmony, and indicates a design on his part to devote his estate to the support of his wife. It is evident that he regarded her as the first object of his bounty. He makes it clear that, if the income from his property is insufficient for her care, support and maintenance, the corpus is available for that purpose.

The fact that Mrs. VanZandt possessed money of her own on which she could have drawn for her wants does not deprive her of the right to demand and receive her support from the estate of her husband, out of the income, if that is sufficient, and if not, out of the principal. (*Holden* v. *Strong*, 116 N. Y. 471; *Rezzemini* v. *Brooks*, 236 id. 184; *Forman* v. *Whitney*, 2 Abb. Ct. App. Dec. 163; *Longenecker's Estate*, No. 1. 226 Penn. St. 1.)

The testator knew, when he executed his will, that his wife had property in her name. If he intended such fact to have any bearing on her right to any part of the corpus of his estate, he would have said so. The will sanctions an invasion of the principal in the event that the income from testator's estate is insufficient to properly support and care for his wife, and says nothing about her first exhausting any income or money which she may have.

It is true that the instrument authorizes, and does not, in so many words, direct the executors to use the corpus of the estate for the care, maintenance and support of Mrs. VanZandt. Neither is the amount to be thus expended fixed. It is left to the discretion of the executors. That is not an arbitrary discretion, however. The executors, one of whom would benefit by preserving the corpus of the estate intact, cannot shut their eyes to Mrs. VanZandt's needs, and neglect to act, or refuse to approve proper and necessary payments which come clearly within the contemplation of the bequest. The testator's intent to devote his entire estate, if need be, to the support of his wife must not be lost sight of. She had a vested right in the provision made for her benefit; the executors were mere donees of a power.

Where a trustee has been given freedom to act according to his own judgment in matters pertaining to another, and he fails, in the opinion of the court, to exercise such discretion in a proper manner, he may be compelled to do that which the trust fairly requires him to do. (*Forman* v. *Whitney*, 2 Abb. Ct. App. Dec. 163; *Collister* v. *Fassitt*, 163 N. Y. 281; *Hancox* v. *Wall*, 28 Hun, 214; *Manning* v. *Sheehan*, 75 Misc. 374, 377.)

In view of the nature of the services which were performed for Mrs. VanZandt, and of the concession that the amounts charged therefor were reasonable, we think that the executors had no right to hide behind the wording of the will, and arbitrarily determine that the services were unnecessary, and then assert that their judgment and decision are final and binding on the court as well as on the parties.

So far we have referred only to that part of the claim which relates to services performed for Mrs. VanZandt during her lifetime. A different situation exists in regard to the funeral bill. Mrs. VanZandt's estate is primarily liable for the expenses of her burial. If her husband was alive, and had paid such bill, he would be entitled to reimbursement from her estate. (*Matter of Stadtmuller*, 110 App. Div. 76; *Pache* v. *Oppenheim*, 93 id. 221; *Watkins* v. *Brown*, 89 id. 193; *Freeman* v. *Coit*, 27 Hun, 447; *McCue* v. *Garvey*, 14 id. 562.)

Without a provision in Mr. VanZandt's will making such expenses

a charge upon his estate, there can be no recovery therefor. The instrument is silent on this subject. The provision relative to the invasion of the principal relates only to Mrs. VanZandt's " care, maintenance and support." That ceases the moment she dies, and does not survive her demise. We cannot read into the will a provision which is not there.

Section 309 of the Surrogate's Court Act gives an appellate court, where an appeal is taken upon the facts, as is the case here, the same power to decide a question of fact which the surrogate had. One executor testifies that the services performed for Mrs. VanZandt during her lifetime were necessary for her care and maintenance. Their very nature would indicate such to be the fact. Under what we consider to be a proper construction of Mr. VanZandt's will, the executors were justified in paying the reasonable value of such services from the corpus of his estate. We think that their refusal so to do was arbitrary and unwarranted. We hold that Estella A. VanZandt's estate is entitled to be reimbursed for the difference between the $515.90 expended for her care and maintenance, and the $350 received from her husband's estate. The claim presented should have been allowed in the sum of $165.90.

There remains for discussion the construction to be given to the 3d paragraph of testator's will, in which he bequeathed his farm, subject to the life estate of his wife, to his son, William W. Van-Zandt. The farm originally extended to the shores of Conesus lake. Some years ago Mr. VanZandt laid out thirty lots along the water's edge, and sold all of them with the exception of one. The question arises whether this lot, which he retained, is a part of the farm, and descends to William W. VanZandt, or whether it is a separate and distinct parcel, and constitutes a part of the residuum of testator's estate. The lot is not mentioned in the will. It was assessed separately from the farm. While all of these lots had been actually cut off from the farm, Mr. VanZandt had refused to sell the lot in question, and there is evidence which indicates that he regarded it as a part of the farm, and desired to keep it in order to give access from his farm to the lake. Under these circumstances, we are disposed to think that Mr. VanZandt intended that the lot should go with the farm, and be considered a part thereof, and that the surrogate was right in so construing the will.

The decree appealed from should be modified by allowing the claim presented by Jennie A. WeMett, as executrix of the last will and testament of Estella A. VanZandt, deceased, in the amount of $165.90 and interest from October 26, 1929, and as so modified affirmed, with costs to the parties appearing on this appeal by

separate attorneys and filing brief, and to the special guardian, payable out of the estate.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Decree modified by allowing the claim of Jennie A. WeMett, as executrix of the last will and testament of Estella A. VanZandt, in the amount of $165.90, with interest from October 26, 1929, and as so modified affirmed, with costs to the parties appearing upon this appeal by separate attorneys and filing brief, and to the special guardian, payable out of the estate.