In the Matter of the Estate of MARY B. WIEMAN, Deceased.

Surrogate's Court, Erie County, November 18, 1937.

*Watts & Findlay* [*Francis T. Findlay* and *Bernard Sax* of counsel], for the petitioner.

*James A. Ford*, for Eleanora J. Wieman and James A. Ford, as executors, etc.

HART, S. The will to be construed provides for (1) the payment of the debts and funeral expenses of testatrix; (2) masses; (3) the care and comfort of her sister, Elizabeth M. Missert, and (4) a legacy of $2,000 to her daughter, Eleanora J. Wieman, and (5) bequeaths her residuary estate to her husband, Frank Wieman, who was named as executor.

The testatrix died on April 19, 1935, possessed of an estate of about $10,000, all in cash, and leaving her surviving her said husband and daughter. The husband died on May 19, 1936, leaving the daughter, Eleanora J. Wieman, his sole distributee, and the executrix and sole beneficiary under his will.

The will of testatrix was admitted to probate on June 10, 1936, and letters testamentary thereon issued to Eleanora J. Wieman and James A. Ford, named as executors in case of the death of the said husband.

The provision of the will for the care of the sister is as follows:

" *Third.* It is my express wish and desire that my executor or executors, as the case may be, hereinafter named, suitably provide for the care and comfort of my sister, Elizabeth Missert, during her lifetime, and that the expense for so doing be a charge against my estate, and that the amount be in the sole discretion of my executor, or executors, as the case may be."

No payments have been made under this provision to the sister, and it is claimed by the executors that she is suitably provided for by others, and that no request for financial assistance has been made. On the other hand, the sister claims that she has not been, and is not suitably provided for, and is subsisting on a meager old-age pension of eighteen dollars per month and is dependent on the charity and bounty of the people with whom she resides.

It will be noted that after providing for the payment of her debts and for masses, the first consideration of the testatrix was the care and comfort of her sister. Only after providing for that did she make provision for her daughter and husband.

It is well settled that the provision for the care and comfort of the sister is a valid gift. (*Phillips* v. *Phillips,* 112 N. Y. 197; *Collister* v. *Fassitt,* 163 id. 281; *Matter of Daintrey,* 125 Misc. 369.)

But it is argued by the executors that the care and comfort which the testatrix provided for the sister is entirely within the discretion of the executors, and that unless they see fit to act the entire provision is inoperative. The paragraph in question, however, expressly makes the expense of such care and comfort a charge against testatrix's estate, and it is only the amount thereof that is in the discretion of the executors.

In this case nothing has been paid and no discretion has been exercised, and the court has ample power to compel the executors to exercise their discretion in a reasonable manner. (*Manning* v. *Sheehan*, 75 Misc. 374; *Collister* v. *Fassitt, supra.*)

This is a small estate. This court has power to ascertain the amount and decree the payment of a reasonable sum for the care and comfort of the sister, but before so doing there should be proof of the circumstances of the sister, as well as of the daughter, and unless the parties can agree on the amount to be paid, proof of such circumstances will be taken, on motion of either party.