In the Matter of the Will of MARTHA I. LYMAN, Deceased.

Surrogate's Court, Westchester County, November 26, 1945.

*I. Lindsay Bruns* and *Clark, Gagliardi & Murphy* for petitioner.

GRIFFITHS, S. The executor has filed a petition for a construction of the will relating to the disposition to be made of certain tangible personal property contained in the residence of decedent at the time of her death. The question relates to the power of the executor to deliver such items of personalty as may be selected by a grandniece of decedent and to charge against her distributive share the value of any article so delivered at the valuation thereof fixed in the estate tax proceeding. The peti-

tion alleges that such personalty consists of miscellaneous household furniture and effects which have been appraised at $4,275.50 and which will pass under the residuary clause of the will. One half of the residuary estate is given outright to such grandniece and the remaining one half is given in trust, the income of which is payable to a named nephew during his life with the provision that upon his death the principal is payable to such grandniece if living, with substitutionary provisions if she then be deceased.

The application may not be entertained as one for a construction of the will since the afore-mentioned request by the grandniece of decedent raises no question requiring a construction. By the will the trustees are authorized to sell or retain any personal or real property coming into their hands. Moreover, independently of the will, the executors are empowered by statute to sell any personalty at public or private sale for the payment of debts, legacies or for making the distribution. (Surrogate's Ct. Act, § 214.) The decedent having died subsequent to the effective date of section 125 of the Decedent Estate Law, the attempted grant by the will of power to such trustees to make a binding fixation of the value of any asset for the purposes of allocation, distribution or otherwise, is invalid. The duty of an estate fiduciary to administer estate assets to the best advantage of all concerned is a function which the court will not usurp, and with respect to which it will refuse to give advice not involving a legal question. (*Matter of Ebbets*, 139 Misc. 250.) The executors may consider the advisability of selling such articles at public auction as a means of fixing the fair value thereof and of permitting any interested party herein to obtain any article desired.

Submit order accordingly refusing to entertain such application.