In the Matter of the Accounting of ARCHIE H. ALLEN, as Executor and Trustee under the Will of JEWETT ALLEN, Deceased.

Surrogate's Court, Delaware County, June 16, 1948.

*Paul F. Eaton* for Jennie A. Allen, petitioner.

*Layman G. Snyder* for executor and trustee.

CURTIS, S. The decedent died July 31, 1942. His will, after directing the payment of the debts and funeral expenses and a bequest of certain personal property to his widow, Jennie A. Allen, set up a trust fund for the benefit of his widow in the following form: " Third. I give and bequeath to my son, Archie H. Allen, all the rest, residue and remainder of my property of all kinds, both real and personal of every name and nature and wheresoever situate, in trust, nevertheless, for the following uses and purposes, to wit: To invest the same and keep the same invested, and to collect and receive the interests, rents and income therefor and therefrom for and during the term of the natural life of my said wife, Jennie A. Allen, and to pay the same over to my said wife, Jennie A. Allen, in such manner and at such times as he may determine.

" I also confer upon my said trustee hereinbefore named full power, authority and right to use and expend so much of the principal or corpus of said trust, in addition to the earnings and income therefrom, as shall be necessary for the proper care and support of my said wife (in the event that the rents, income and earnings shall be insufficient for her proper care, support and maintenance) ".

Archie H. Allen was not only appointed trustee but was also designated as executor of the will, and he is the remainderman of the trust fund after the death of the widow, Jennie A. Allen. By a former marriage the decedent had seven children, of which Archie was one, and by a later marriage with Jennie A. Allen, he had ten children. No provisions were made in the will in favor of the other children.

The frequent but difficult problem is presented of determining whether the widow is entitled to her maintenance from the corpus of the trust fund regardless of whatever property she may own or whatever earnings she may secure. A testator may have in mind either of these alternatives, and his intention in that respect is to be gathered from the language used in his will. The first of the leading cases on this point is *Holden* v.

*Strong* (116 N. Y. 471) where it was held that resort to the individual property of the beneficiary was not a prerequisite to the invasion of the principal of the trust fund. The second leading case is *Rezzemini* v. *Brooks* (236 N. Y. 184) where a similar construction was given to the will involved in that case. The third leading case is *Matter of Martin* (269 N. Y. 305) where the will there under consideration was construed as requiring the consideration of the private income of the beneficiary in determining whether an invasion of the trust fund was proper.

The solution of the problem depends upon whether the principal and income are intended to be devoted absolutely for the maintenance of the beneficiary, or whether this maintenance is made conditional upon such a factor as whether he needs the principal in addition to the income.

The will in question is dissimilar to that involved in *Matter of Martin* (*supra*) and parallels that under consideration in *Holden* v. *Strong* (*supra*) and is therefore construed as requiring the use of both principal and interest so far as necessary for the proper care and support of the beneficiary, regardless of her own individual income or earnings.

By what method should the amount to be applied for the widow's benefit be determined? The language of the will invests the trustee, in the first instance, with the power to determine the amount. Under such circumstances, the court is reluctant to interfere with the trustee's use of the power and hesitates to substitute its judgment for that of the person in whom the decedent reposed this discretionary power. As long as the trustee exercises his honest judgment and acts in good faith, the beneficiary cannot complain. (*Manning* v. *Sheehan,* 75 Misc. 374; *Matter of Hilton,* 174 App. Div. 193; *Matter of Flood,* 127 Misc. 797, affd. 216 App. Div. 711, affd. 243 N. Y. 598; *Robinson* v. *Robinson,* 173 Misc. 985; *Matter of Shea,* 234 App. Div. 176.)

But the court is not wholly without power to give instructions as to the management of the trust. Whenever a trustee has neglected to exercise the discretion reposed in him, or has acted capriciously, arbitrarily, or in bad faith, the court may interfere and direct the trustee to do his duty. (*Matter of Van Decar,* 49 Misc. 39; *Matter of Van Zandt,* 231 App. Div. 381; *Matter of Wieman,* 165 Misc. 60; *Matter of Kohler,* 96 Misc. 433.) The power of the court is not limited merely to a direction that the trustee proceed to exercise his discretion. The court can fix a reasonable allowance and find that it is the duty of the trustee to make such payment. (*Matter of Wieman,* 165 Misc. 60, *supra; Manning* v. *Sheehan,* 75 Misc. 374, *supra.*) But any

amount fixed by the court is subject to future changing circumstances, and in the final analysis the discretion of the trustee, if fairly made, has preference over any conclusion the court may at this time make as to the appropriate amount. (*Robinson* v. *Robinson*, 173 Misc. 985, *supra*; *Matter of Shea*, 234 App. Div. 176, *supra*.)

Clearly this trustee has not exercised his discretion. When the beneficiary asked for an allowance of $30 monthly, the trustee refused the demand and made no effort to ascertain the needs of the beneficiary. The trustee is a stepson of the beneficiary, and is also the sole remainderman of whatever may remain of the corpus of the trust after the death of the beneficiary.

The beneficiary is sixty-five years of age and supports herself by doing menial housework. She has testified that she needs $15 weekly for her support. The court concludes that until the trustee properly exercises his discretion, he should pay her $10 weekly in addition to the income, payable from the time of the institution of this proceeding.

The beneficiary is also entitled to recover from the estate such sums, as through the failure of the trustee to perform his duty, she has paid for her maintenance out of her individual property (*Matter of Van Zandt*, 231 App. Div. 381).

It may be that the amount of this claim is limited by a demand she made about two years ago for $30 monthly, but, in any event, there is no sufficient evidence as to the amount of her personal funds she thus expended. Moreover, it is doubtful whether such a claim can be entertained on her petition for construction of the will. The appropriate procedure seems to be the presentation of a claim against the estate. Her application for the recovery of arrears is denied without prejudice to the presentation by her of a claim against the estate. Further proceedings are adjourned to June 28th when an order may be presented in accordance with this opinion and the proceedings in settlement of the account of the executor and trustee may be continued.