Argetsinger, S.
William E. McCoy died testate in 1928 and Ms will was duly admitted to probate in the Surrogate’s Court of the County of Schuyler, New York, in 1928 and Clara McCoy duly qualified as executrix and letters testamentary were issued to her as executrix thereof and she acted as such executrix to the time of her death.
Clara McCoy died testate on September 3, 1952, and her will was duly admitted to probate in the Surrogate’s Court of Schuyler County, New York, on September 11,1952, and Richard Hallam and Edna Hallam duly qualified as executors and letters testamentary were issued to them as executors and they are still qualified and acting.
A petition was filed April 11, 1953, asking that Dorothy E. McCoy Brendis be appointed administratrix of the goods, chattels and credits left unadministered in the estate of William E. McCoy. Letters of administration were duly issued and she is still qualified and acting as administratrix of said estate.
Marie Grlauer’s claim for $1,195 and interest for housekeeping and practical nursing services rendered to Clara McCoy during periods of sickness in her lifetime was rejected by the estate of Clara McCoy. Edna Hallam’s claim for $1,327.50 and interest for housekeeping, practical nursing services and services per *724 formed pursuant to a power of attorney rendered by Clara McCoy during periods of sickness during her lifetime was rejected by the estate of Clara McCoy also.
On August 29, 1955, a hearing was had on the two above-mentioned claims before the Schuyler County Surrogate and said claims were both allowed. The sum of $1,195 and interest of $212.12 or a total of $1,407.12 was allowed to Marie (Hauer and this amount has been paid by the estate of Clara M. McCoy to her. The sum of $1,327.50 and interest of $212.40 or a total of $1,539.90 was allowed Edna Hallam and this amount has been paid by the estate of Clara M. McCoy to her.
It appears from the written and verbal arguments submitted by counsel on both sides at a hearing on January 16, 1956, that there is approximately $1,200 remaining in the William E. McCoy estate and approximately $1,600 in the Clara M. McCoy estate.
Counsel for the Clara M. McCoy estate contends that the Clara M. McCoy estate should be reimbursed for the claims allowed by the Surrogate and paid by said estate to Marie (Hauer and Edna Hallam and this contention is based upon paragraph “ second ” of William E. McCoy’s will.
It is argued by Manford Bosenheck for the William E. McCoy estate that the intention of the testator was to be sure that his widow, Clara M. McCoy, was provided for during her lifetime, and that the testator gave her the right to use as much of his estate as she required for her comfort and support, while she was alive and that there was no intent thereby to permit his estate to be invaded after her death, since he knew that she also had an estate of her own and such invasion after her death would deprive his heirs of the residuary in order to increase the residuary in her estate for distribution among her heirs.
Paragraph “ second ” of the will of William E. McCoy provides 1 ‘ I give, devise and bequeath to my wife, Clara McCoy, the life use and income of all my property and she may use so much of the principal as is necessary for her comfort and support so long as she lives.”
Paragraph “ third ” provides “ Upon the death of my wife, Clara McCoy, all that remains of my property shall go to my heirs according to the laws of the State of New York.”
Counsel for the Clara M. McCoy estate relies upon the following cases: Vincent v. Rix (248 N. Y. 76); Matter of Frayer (155 Misc. 811); Matter of Van Zandt (231 App. Div. 381).
The case of Vincent v. Rix is not in point or decisive of the case at bar because the surviving wife in that case was still alive. Paragraph “second” of the William E. McCoy *725 will does not provide that his surviving widow could invade his estate if she deemed it necessary. It merely provides that she could ‘ ‘ use so much of the principal as is necessary for her comfort and support so long as she lives.” This phraseology places a limitation upon her right to invade the principal of her husband’s estate by requiring that it be necessary and it seems clear that, so long as she had funds of her own, the necessity imported by this language did not exist. Since it did not actually exist during her lifetime, certainly it cannot be construed to exist after her death although, if she had died insolvent, it is believed that the case of Matter of Martin (269 N. Y. 305) is authority for the protection of creditors of the widow’s estate by requiring that such creditors be paid out of the husband’s estate.
In the Martin case the will sets up a trust which is not the situation here. In that case the testator directed his trustees to hold and invest a trust fund and pay to a named beneficiary a net income and (p. 308) “ to hold * * * such part of the principal thereof as she may require for her care, support and comfort, during her natural life ” and it was held that the beneficiary was entitled to have applied for her care and support a portion of the principal, only in the event that the income from a trust fund supplemented by her independent income shall be insufficient to provide for her proper care, support and comfort. (Italics supplied.) The court construed the word “ require ” as meaning need or necessity.
In the case of the Matter of Frayer (155 Misc. 811, supra) the beneficiary died insolvent and it is not considered that this case is in point or authority for the claimant estate’s contention.
In Matter of Van Zandt (231 App. Div. 381, supra) there had been some invasion of the husband’s estate by the widow during her lifetime. While the Van Zandt case more closely fits the facts of this case, there are other and different indications of intent in the William E. McCoy will which must be considered. The heirs of each testator were not the heirs or blood relation of the other testator according to the facts submitted herein.
It is felt that paragraph “ third ” of William E. McCoy’s will must be read with paragraph “ second ” of said will and, in considering them together, this court does not believe that the testator intended to permit his surviving wife unnecessarily to deplete the principal of his estate for the purpose of leaving a larger estate for distribution among her heirs which would result in depriving his heirs of whatever amount might have been withdrawn by her and certainly it seems clear that he did not intend that money should be withdrawn after her death to *726 pay debts incurred by her during her lifetime when her estate was solvent and there were more than sufficient funds in said estate to pay said debts, thereby exhausting her husband’s estate and depriving his heirs of the benefits thereof. Since she did not exhaust the principal of her deceased husband’s estate during her lifetime, it is fair to assume that she did not consider it was necessary in view of the fact that she had ample funds of her own and, therefore, it certainly cannot be considered necessary to invade the husband’s estate after the widow’s death in view of the fact that her estate was still solvent after said claims had been paid therefrom. To reach a contrary conclusion would violate the clearly expressed intent of the testator to permit her to use only so much of the principal as was necessary for her comfort and support and since she had ample funds of her own such necessity did not exist.
The claim of the estate of Clara M. McCoy against the estate of William E. McCoy is disallowed. Let an order issue accordingly.