Maximilian Moss, S.
As an incident to an accounting of executors and trustees a judicial construction is required of subdivision (3) of the Third article of the will to determine whether the testator’s son is entitled to continued benefits thereunder for his maintenance and for his education while serving a dental interneship at a local hospital.
By the said article, the testator authorized the trustees to apply out of the trust principal, if by their unanimous action they deemed it advisable to do so for the well being of his wife and surviving issue mindful that he desired his issue “ shall be provided with good and proper education and maintenance by my wife to the best of her ability.” Under the terms of this trust, funds were provided for the objectant from the principal for expenditures necessary to obtain a baccalaureate degree and a degree in dental surgery.
The objectant now urges that funds be made available to him from the corpus during an interneship as a necessary continuance of “ good and proper education and maintenance ”, which is opposed by his mother, one of the executors and trustees.
The court is reluctant to intrude on the trustees’ reasonable exercise of discretionary powers (City Bank Farmers Trust Co. v. Smith, 263 N. Y. 292; Matter of Shea, 234 App. Div. 176, 179; Matter of Lyman, 186 Misc. 153). Where trustees act arbitrarily, capriciously, in bad faith or neglect to properly exercise the discretion reposed in them, the court will intervene (Matter of Van Zandt, 231 App. Div. 381; Matter of Wieman, 165 Misc. 60; Matter of Allen, 192 Misc. 8). It is not necessary to determine whether “ good and proper education and maintenance ” under this paragraph contemplated the inclusion of the objectant’s expenses during an interneship, since the trustees were in fact invested with the right of unanimous action to so determine. The trustees did in fact provide for the objectant’s collegiate and professional training. There is no proper basis for the court’s intervention and the trustees’ interpretation of a “ good and proper education and maintenance ” must be accepted, particularly since the modest assets of the residual trust were to provide for the well being of the widow for life and for the “ education and maintenance ” of both issue of the marriage. The questioned article is so construed. Settle decree on notice.