John D. Bennett, S.
This is an application for a construction of the will of the decedent and a direction to the trustee to pay the petitioner, who is the widower of the testatrix, and named as a life beneficiary in a trust comprising one half of the residuary, the sum of $7,000 from the trust principal, or, in the alternative, to invade the trust principal for the petitioner’s benefit to the extent of 'at least $250 a month.
The provisions of the decedent’s will do not explicitly or by inference indicate that the primary purpose of the testatrix was to provide for the support of the petitioner widower. On the contrary, the trust was to be invaded only in the event of “ any sickness, accident or other emergency and the judgment of my Trustee as to the amount of such payments and the necessity therefor shall be final and conclusive upon all persons interested in my estate.”
Such a provision is unique and the cases cited by the petitioner are not directly in point. It would seem that the court is relegated to a consideration of the question whether the trustee’s determination that there is no “ sickness, accident or other emergency ’ ’ justifying invasion of the corpus amounts to an abuse of discretion, bad faith, arbitrary action or fraud (Matter of Clark, 280 N. Y. 155; Matter of Hayden, 172 Misc. 669, affd. *743 261 App. Div. 900, motion for leave to appeal denied 285 N. Y. 859; Matter of Hilton, 174 App. Div. 193, 194; Matter of Schub, 6 Misc 2d 984; Matter of Leonard, 6 Misc 2d 157; Matter of Garfunkel, 149 N. Y. S. 2d 130; Matter of Shiel, 120 N. Y. S. 2d 632). It was for this purpose that the matter was set down for hearing by this court’s decision dated June 2, 1958.
The court holds that on all the facts adduced at the hearing, the trustee’s judgment was not the result of “an abuse of discretion, bad faith, arbitrary action or fraud”.
The petition is accordingly dismissed.
Settle decree on five days’ notice.