## In the Matter of the Will of HAROLD B. HART, Deceased.

Surrogate's Court, Westchester County, April 3, 1947.

*Frank C. Fisher* for Caroline B. H. Newton **and another, petitioners.**

GRIFFITHS, S. Petitioners, trustees under the will of this decedent, request a construction of paragraph " SECOND " of the will which reads as follows: " *Second:* I give, devise and bequeath all the rest, residue and remainder of my estate, whatsoever its nature or kind and wheresoever situate to my Trustees hereinafter named in trust nevertheless to hold, invest and reinvest the same and to receive the rents, issues and profits and income thereof, and, so long as she may live, to pay over in monthly, quarterly, or semi-annual installments to my sister, CAROLINE BURTON HART NEWTON the rents, issues, profits and income thereof. I further direct my Trustees hereinafter named, in their discretion, to pay any or all of the principal or corpus of the trust herein created to my said sister during her lifetime in such sum or amount as she may request and which may be necessary for her care, health and suitable maintenance."

Upon the death of the life tenant the will directs that the sum of $1,000 be paid to each of two named employees, and the sum of $500 to a church for the purpose of establishing a flower fund in memory of the testator's wife. The balance of the remainder interest is given to the American Institute Benevolent Fund, Inc., a charitable organization.

The testator died August 17, 1943, a resident of the city of White Plains in this county, leaving the said will dated July 18, 1941, which was duly admitted to probate in this court on October 14, 1943. Letters of trusteeship were issued to petitioners on September 4, 1945. The said income beneficiary is one of the two named and qualified trustees.

It is alleged that the current market value of the principal of the trust is approximately $120,000 from which the gross income during the last fiscal year amounted to $5,476.74. Due to contemplated changes in investments, petitioners state that the future income will be substantially less. The income beneficiary possesses an individual estate of approximately $20,000 from which she derives an annual income of about $1,000.

It is further alleged that the income beneficiary is over seventy years of age; that for many years prior to his death the decedent and she lived together in an apartment which she still occupies, and that during such period the decedent supported her, providing not only essentials but luxuries. None of the respondent remaindermen having interposed an answer to the petitioner, the allegations thereof constitute proof of the facts therein stated. (Surrogate's Ct. Act, § 76.)

Petitioners contend that it was the intention of the testator to make a gift of support and maintenance to his sister which constitutes a charge upon both income and principal to the extent required for the stated purposes, and that under the authorities the sister's individual means need not be considered in the exercise of the conferred authority to invade principal.

Although the will purports to confer upon the income beneficiary the discretion of determining the extent of principal invasion, a reading of the entire context shows clearly that the testator intended to vest such discretion in the trustees. The phrase " in such sum or amount as she may request " was clearly intended to be qualified by the phrase immediately following, " and which may be necessary for her care, health and suitable maintenance." The explicit prior direction in the same sentence directing the trustees " in their discretion " to invade principal must be held, under the circumstances, to prevail. This distinguishes the instant case from *Matter of Woollard* (295 N. Y. 390).

The failure of wills to contain an express provision that in the exercise of his discretion the trustee should or should not take into consideration the individual income or resources or both of the income beneficiary has necessarily compelled the courts in such instances to ascertain the intent in that respect. In *Matter of Martin* (269 N. Y. 305) the Court of Appeals reviewed the pertinent leading cases in both the lower courts and its own, including *Holden* v. *Strong* (116 N. Y. 471) and *Rezzomini* v. *Brooks* (236 N. Y. 184). In the *Martin* case (*supra*) the court made the following statement at page 312, which has since been accepted as the guiding principle in these cases: " The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so, then the private income of the beneficiary cannot be considered. If, however, the gift is of income coupled with a provision that the principal may be invaded in

case of need, the private income of the beneficiary must be considered in determining whether such need exists."

It has been said that precedents and rules have but slight value in interpreting wills for they rarely " * * * and, in the nature of things, are not likely to be, similar in terms." (*Robinson* v. *Martin,* 200 N. Y. 159, 164.) Although helpful in ascertaining an obscure intent, rules of construction must necessarily yield where upon an inspection of the instrument and a consideration of relevant facts and circumstances an intent is apparent. (*Matter of Martin, supra; Matter of James,* 146 N. Y. 78; *Matter of Buechner,* 226 N. Y. 440.) Here, it is evident that the paramount intent of the testator was to provide for the maintenance of his sister, first by giving her the entire income from the residuary trust and secondly, by authorizing an invasion of principal. The gift of the remainder interest to charity was clearly of secondary importance. He prescribed two conditions to the exercise of the conferred power to invade principal, viz., that his sister make a request therefor and that the trustees determine the requested amounts to be " necessary for her care, health and suitable maintenance." Such directions are quite similar to the ones contained in the will under consideration in *Matter of Clark* (280 N. Y. 155) where the court held the trustees need not consider the individual income of the beneficiary.

It is a cardinal rule of construction that a will should be so construed as to carry out the intent of the testator. (*Matter of Martin,* 255 N. Y. 248, 254.) The court concludes that the testator intended to authorize his trustees, in their discretion, upon request, to invade the principal of the trust and pay " any or all " of it to his sister, regardless of her income from other sources, provided only that they determine such act to be " necessary, for her care, health and suitable maintenance." (*Matter of Clark, supra; Matter of Jaeck,* 42 N. Y. S. 2d 514.)

The will is construed accordingly.