In the Matter of the Estate of MARY H. LYON, Deceased.

Surrogate's Court, Chenango County, July 12, 1948.

*Theodore C. Bonney* for Harold S. Lyon, as assignee of Edward B. Lyon, claimant.

*Edward O'Connor, Jr.,* for Walter H. Smith and another, as executors of Mary H. Lyon, deceased, and for Harold L. Payne, as administrator c. t. a. of William W. Lyon, deceased.

BARNES, S. William W. Lyon died some twenty-one years ago, leaving a will in which he gave his widow " the use of all the rest of my property * * * with the right to use such portion of the principal as she may deem necessary for her comfortable support." The remainder after the widow's death was devised to the decedent's son.

Shortly thereafter, the widow and the son entered into an agreement whereby the widow placed the sum of $8,381 in a trust fund in a bank under the terms of which the widow received the life use and the son received the remainder. There is proof here that there remained the sum of $2,170.27, in addition to the property used to set up the trust fund, and from which the expenses of administration of $758.34 is chargeable leaving a balance of $1,411.93, for which the widow has not accounted. The widow is now deceased, and this proceeding is brought by an assignee of the remainderman to establish a claim against the estate of the widow for this amount. There is no proof of the disposition of this sum, except by inference from the fact that the life use of the trust fund produced an average of $225 per year over the period of twenty-one years, while the widow lived. The widow had at the time of her death an estate of $25,000 to $30,000.

The cases involving the legacy of a life use with the right to invade the principal divide themselves into three classes:

(1) Where a discretion is given for the use of the principal of the fund for a certain purpose, the testator may make the life beneficiary the person to determine what may be used, and the trustee will be ordered to comply therewith (*Matter of Woollard,* 295 N. Y. 390, modfg. 269 App. Div. 866).

(2) The testator may provide that this discretion be exercised by the trustee; and the exercise of the same by the trustee will

be upheld (*Matter of Hart,* 189 Misc. 171; *City Bank Farmers Trust Co.* v. *Smith,* 263 N. Y. 292-295).

(3) Where the will is silent as to who shall determine the amount to be expended, the court having jurisdiction will make that determination (*Matter of Martin,* 269 N. Y. 305). The older cases held that where there has been bad faith, abuse of discretion, arbitrary action or fraud, the court had jurisdiction to interfere (*Matter of Hayden,* 172 Misc. 669, affd. 261 App. Div. 900; *Vincent* v. *Rix,* 248 N. Y. 76). However, the *Woollard* case (*supra*) relegates this class of cases to the minority opinion and the Court of Appeals in its majority opinion seems to have placed a question mark on the authority of these cases.

Applying the language used in this will to the language in the cases passed upon by the higher courts, it is found that it is nearly identical to that used in the *Woollard* case cited above, and the resulting deduction is that Mrs. Lyon had the right to use the principal of the trust without regard to her own personal estate.

The decedent had the right to make just such a will as he made (*Matter of Sievert,* 246 App. Div. 457). He could have been more specific if he had wished; the language used left a real doubt as to the meaning of his words at that time, but the Court of Appeals has now passed upon its meaning and determined the legal effect of the same words in the *Woollard* case; and there is no real distinction between the two cases.

Over the period of twenty-one years the widow received an average of $225 a year from the income of the trust fund from the bank. Distributing this further sum of $1,411.93 over a period of twenty-one years and adding it to the income from the trust fund gives the widow the total annual income of $295. It is a matter of common knowledge that no person could live on the annual income of $295; and she, therefore, had the undeniable right to have used this money for her needs.

The remaining problem is the question of the burden of proof. Neither side is able to show for what this money was actually used. The claimant argues that the widow was a trustee of such funds and liable to account for its expenditure; and that if it was not in fact actually used for the comfortable support of the widow, then that they are entitled to recover; and that the burden is upon the representatives of the widow's estate. This is substantially the argument of the *minority* opinion in the *Woollard* case. The representatives of the estate urge that the use of this small amount could not be wrongful and that she

had the right to use it at any time without accounting. This contention seems to be the substance of the *majority* opinion in the *Woollard* case. Therefore, it follows that the widow was not obligated to account for her expenditure of this fund during her lifetime; and that the representatives of her estate are not liable to account after her death. This was the intention of the testator when he made his will, under the interpretation given similar language by the Court of Appeals.

The claim is disallowed. Submit order accordingly.