In the Matter of the Construction of the Will of HENRY W. MORSE, Deceased.

Surrogate's Court, Monroe County, June 16, 1950.

*Frederick Wiedman* for May W. Morse, petitioner.

*Henry J. Martens* for Lincoln Rochester Trust Company, respondent.

*Ray F. Fowler,* special guardian for Nancy Morse, an infant, respondent.

WITMER, S. The testator's widow has instituted this proceeding for construction of his will, dated March 25, 1949, which was admitted to probate by this court shortly after his death on April 27, 1949. Petitioner contends that the testator gave to her the sole right to determine how much of the trust funds the trustee shall advance to her periodically, and relies upon *Matter of Woollard* (295 N. Y. 390) as sustaining her claim. It appears that the estate is somewhat in excess of $40,000.

In brief outline, by his will the testator (paragraph "Second") gave all his personal effects, including automobile, to his wife absolutely; (paragraph "Third") gave his dwelling

house to his wife for life with the provision that if she prefer that it be sold, the trustee may sell it on her authorization and place the proceeds in the trust created in the next paragraph, and if the wife should desire to purchase another home the trustee is empowered to expend the necessary funds from said trust for such purpose, title to vest in the trustee, and the wife to have the use of the residence for life; and (paragraph " Fourth ") all the residue of the estate he gave in trust (a) for his wife for life and (b) upon her death " then all the remaining funds in the hands of the trustee " are to be held for testator's granddaughter by a previous marriage, one half of the corpus to be paid to her at twenty-one years of age and the balance at twenty-five years of age, but if she die before receiving the same, it is to be paid to her issue, and if none, to testator's niece. Subdivision " (a) " of paragraph " Fourth " contains the provisions which give rise to this proceeding, and is as follows: " (a) To pay to or expend for my wife, May Wilson Morse, the net income therefrom during her lifetime. In the event that the income on my estate is not sufficient for the care, support and maintenance of my said wife, May Wilson Morse, then I hereby authorize and direct my executor or trustee herein named to pay to her such sums out of the principal as may be necessary for her care or maintenance, including the payment of taxes and repairs to be made upon the house of which I have left to her the life use, or upon any other house purchased for her use, and also to pay from such residue the funeral expenses of my said wife; it being my intention to provide amply for my said wife during her lifetime, and any request that she may make for any funds is to be honored by my executor and trustee."

Respondents not only dispute petitioner's right to determine how much the trustee shall advance to her from the trust, but contend that *Matter of Martin* (269 N. Y. 305) controls, and that petitioner's right to receive any principal from the trust depends upon her personal financial situation and her need.

Of course, petitioner is entitled to have all the income of the trust paid to her or expended for her use during her lifetime; and the question at issue relates only to the use of the corpus of the trust funds for the widow.

We shall first dispose of respondents' contention that the widow's right to use trust principal depends upon her other assets and income. I am of the opinion that the testator here did not condition the use of the principal upon the widow's

need (i. e. the nonexistence of other funds which she might use), but conditioned such use only upon the sufficiency of the trust income to care for, support and maintain her. (*Matter of Clark,* 280 N. Y. 155; *Rezzemini* v. *Brooks,* 236 N. Y. 184; *Holden* v. *Strong,* 116 N. Y. 471; *Matter of Hart,* 189 Misc. 171; *Matter of Kohlman,* 60 N. Y. S. 2d 556; and cf. *Matter of Martin,* 269 N. Y. 305, 309-311, *supra.*)

The questions then arise as to how much of the trust principal shall be paid to or for the benefit of the widow periodically and who shall determine such sum. In the absence of contrary specification in the will, the care and maintenance referred to is construed to mean that to which the widow was accustomed while living with the testator. (*Matter of Gabler,* 261 N. Y. 517.) If the will does not designate who shall determine such sum to which the widow is entitled, it is a question of fact for judicial determination. (*Matter of Martin,* 269 N. Y. 305, 312-313, *supra.*) As in *Matter of Martin* (*supra*) clearly no power is given to the trustee herein to determine the amount to which the widow is entitled. Likewise, no power is granted to the widow-beneficiary to make such determination, unless it be contained in the last portion of subdivision " a " of paragraph " Fourth ", in the language " it being my intention to provide amply for my said wife during her lifetime, and any request that she may make for any funds is to be honored by my executor and trustee."

It is to be observed that the last-quoted words were not contained in the dispositive portion of the paragraph, but were added at the end thereof as an expression of general intention to aid in construing the earlier provisions. It must, therefore, be read in conjunction with such provisions. In my opinion testator's said language may not be interpreted as authorizing petitioner to obtain funds from the trust for any purpose to suit her fancy, as might be the case in *Matter of Woollard* (295 N. Y. 390, *supra*), and *Matter of Gillies* (69 N. Y. S. 2d 803). I think that we must read into the last clause above-quoted a reference to the matter for which the use of the funds was authorized, and that it is to be read as follows: " and any request that she may make for any *such* funds *for her care, support and maintenance as herein provided and in accordance with her standard of living with me* is to be honored by my executor and trustee." That is the only reasonable construction of the subdivision read as a whole. Such construction is also more in harmony with paragraph " Third ", where testa-

tor provided that if his wife should desire it, the trustee was authorized and empowered to purchase a new home for her, title to vest in the trustee. It is clear that the testator did not intend the last-quoted clause to constitute a designation of his wife as the person to determine the amount to which she is entitled from the trust, and hence it is a matter for the court to determine, upon proper showing. Testator's expression of intention amounts to advice to the court to deal with the wife's requests as liberally as possible under the circumstances of the trust.

It may be observed, moreover, that the construction urged by petitioner would enable her in effect to destroy the trust. Although a testator may create a trust with authority in the beneficiary to terminate it by demanding and receiving the corpus thereof from the trustee (*Matter of Woollard, supra,* and *Matter of Gillies, supra*), the court will not strain to find such authorization; and in the absence of clear expression by the testator of his intention that the beneficiary may " call " the trust corpus, such power will not be held to exist. (*Vincent* v. *Rix,* 248 N. Y. 76; *Matter of Hadden,* 178 Misc. 939.) A testator creates a trust for the protection of the life tenant as well as for the preservation of the corpus, or part thereof, for remaindermen; and I understand that this is the basis of the New York ruling that, in general, a testamentary trust is indestructible. (*Matter of Wentworth,* 230 N. Y. 176, 185.) In view of the size of the fund involved, to empower the widow in this instance to use the corpus of the trust at her own possible indiscretion might result in an early dissipation thereof and might leave her in a destitute condition. Testator's wish that she be well cared for might thus be thwarted. Reading the will as a whole, it cannot be said that the testator meant to grant to his widow such discretion.

The petition upon which this application is based is broad enough to support a proceeding for the court to determine the amount to be paid to petitioner periodically under the trust herein, and the proceeding is continued for such purpose.

Submit decree accordingly.