In the Matter of the Estate of HENRY W. MORSE, Deceased.

Surrogate's Court, Monroe County, November 17, 1950.

*Frederick Wiedman* for May W. Morse, petitioner.

*Henry J. Martens* for Lincoln Rochester Trust Company, as executor and trustee under the will of Henry W. Morse, deceased, respondent.

*Ray F. Fowler,* special guardian for Nancy Morse, an infant, respondent.

WITMER, S. Following the prior decision of this court herein (*Matter of Morse,* 198 Misc. 364), in which it was held that petitioner is entitled to support from the trust created for her under the will of her deceased husband without regard to her personal assets, and that the amount of payments to which petitioner is entitled for such support is a question of fact for judicial determination, the matter was continued and evidence received concerning the assets of the estate, petitioner's needs and the manner in which the trustee has been administering the estate and trust.

It appears that after payment of the legacies the estate amounts to somewhat in excess of $40,000, including testator's dwelling which petitioner continues to occupy, and that the income-producing assets, constituting the entire estate less the residence, amount to about $25,000, from which certain administration expenses remain to be paid. It is estimated that the residence has a reasonable rental value of $100 per month, which petitioner, of course, is receiving through her occupation thereof. The trustee has been paying the taxes on the residence and maintaining it and paying the water bills, and in addition has paid to or on behalf of petitioner the sum of $200 per month for her care, support and maintenance.

Petitioner asks for $350 cash advances per month in addition to the use of the residence. She has shown expenditures averaging $356.58 per month for the eight months' period following testator's death. With the consent of counsel the court asked petitioner to submit a sworn statement of her expenses for a twelve months' period, as a more accurate gauge of her needs. Instead of complying with such request petitioner submitted a statement of her expenses for the six months following the eight months' period. The two statements show an average expense for the fourteen months involved of $314.64 per month.

A statement covering a period of more than twelve months

may not be an accurate representation of the average monthly expenses per year, because there may be included therein some expenditures which benefit petitioner for twenty-four months, and still, as here, be averaged over a period of only fourteen months. Moreover, the statements before the court are not sufficiently itemized and analyzed, as to purposes of expenditures and period covered, to form a sound basis upon which the court may reach a decision to increase the allowance to petitioner. Some items appear to the court as nonrecurring, and others as unnecessary under the circumstances of this estate.

Testator nominated a very competent executor and trustee, which has qualified and is acting. It has had a wide experience in the administration of discretionary trusts. There is no suggestion that the trustee is not acting in good faith. In the absence of particular and clear evidence of petitioner's needs in excess of the determination made by the trustee, and upon the testimony of the trust officer of the trustee, the court cannot find that petitioner is entitled to more than she is now receiving, and finds that the advances which the trustee is making to and in behalf of petitioner are proper and in the correct amounts in view of the nature of the estate, the age and health of petitioner, and the provisions of testator's will.

This decision is made without prejudice to petitioner's right in the future to submit new evidence of her future needs, and is not to be deemed to restrict the trustee in the event petitioner in the future has emergency needs, such as might arise from extended illness. Because of the condition of the estate, it is also called to petitioner's attention that she might well accept the suggestion which has been made that she could benefit from a disposal of the residence and the use by her of less expensive living quarters.

Submit decree accordingly.