In the Matter of the Accounting of BERTRAM KEYSERLING, as Executor of ANNA BISCONTI, Deceased, Appellant. MARGARET BISCONTI, Appellant; JOHN H. CONROY, as Special Guardian for PETER I. BISCONTI and Others, Infants, et al., Respondents.

Argued January 15, 1954; decided April 8, 1954.

*Samuel Sumner Goldberg* for appellants. There was no ambiguity in the will calling for the application of the doctrine of *ejusdem generis*. The will gave unrestricted discretion to

the executor-trustee and his right to pay out should have been upheld. (*Matter of Woollard,* 295 N. Y. 390; *Schreyer* v. *Schreyer,* 101 App. Div. 456, 182 N. Y. 555; *Matter of Fox,* 292 N. Y. 19; *Matter of Hilton,* 174 App. Div. 193; *Matter of Emmons,* 165 Misc. 192; *Cammann* v. *Bailey,* 210 N. Y. 19; *United States* v. *Mescall,* 215 U. S. 26; *Manion* v. *Peoples Bank of Johnstown,* 292 N. Y. 317.)

*John H. Conroy,* special guardian for Peter I. Bisconti and others, infants, respondents. I. The deceased, having created a valid testamentary trust and prescribed the only conditions under which payments out of corpus might be made, appellant executor is without power to invade principal except in compliance with such conditions. (*Crooke* v. *County of Kings,* 97 N. Y. 421; *Metcalfe* v. *Union Trust Co. of N. Y.,* 181 N. Y. 39; *Matter of Wentworth,* 230 N. Y. 176; *Cuthbert* v. *Chauvet,* 136 N. Y. 326; *Douglas* v. *Cruger,* 80 N. Y. 15; *Matter of Hanna,* 155 Misc. 833; *Manion* v. *Peoples Bank of Johnstown,* 292 N. Y. 317; *Matter of Watson,* 262 N. Y. 284; *Dwight* v. *Fancher,* 245 N. Y. 71; *Matter of Webb,* 122 Misc. 129, 208 App. Div. 793.) II. The rule of *ejusdem generis* properly was applied to prevent the immediate payment of the residuary to the life tenant and the outright destruction of the trust by the executor. (*Matter of Robinson,* 203 N. Y. 380; *Sims* v. *United States Trust Co. of N. Y.,* 103 N. Y. 472; *People ex rel. Huber* v. *Feitner,* 71 App. Div. 480; *Matter of Hurlbut,* 180 Misc. 681; *People* v. *Richards,* 108 N. Y. 137; *People* v. *New York & Manhattan Beach Ry. Co.,* 84 N. Y. 565; *Matter of Reynolds,* 124 N. Y. 388; *Burks* v. *Bosso,* 180 N. Y. 341; *Mangam* v. *City of Brooklyn,* 98 N. Y. 585; *Matter of Hermance* v. *Board of Supervisors,* 71 N. Y. 481.)

CONWAY, J. In connection with his final accounting, the executor [1] of the will of Anna Bisconti, who is also testamentary trustee thereunder, requested authority to deliver the corpus of a trust of the residuary estate to the life beneficiary, Margaret Bisconti, daughter of the testatrix.

The special guardian of the three infant remaindermen, children of the testatrix' son, filed objections to the request and is the respondent here. The relevant portions of the will are

---

[1] A second executor and trustee has renounced.

as follows:

"THIRD: I give, devise and bequeath to my son, PETER V. BISCONTI, twenty-five (25%) per cent of the rest, residue and remainder of my estate, to be his absolutely and forever.

"FOURTH: The remaining seventy-five (75%) per cent of the rest, residue and remainder of my estate I give, devise and bequeath to my trustees hereinafter named, the survivor or survivors of them, or such one or more as may qualify, in trust nevertheless, for the following uses and purposes.

"A. My trustees shall hold, manage invest and reinvest the said property and shall collect and receive the income therefrom and pay the net income, in convenient installments, to my daughter during her lifetime."

Paragraph FOURTH, subdivision B, provides for remainder interests "Upon the death of my said daughter, or upon my death, if my daughter shall not survive me".

The will continues: "FIFTH: * * * In addition to the payment of income from the trust for the benefit of my daughter, my trustees are authorized to pay from the principal of the trust such portion thereof *as in their sole and uncontrolled discretion they may deem wise, whether because of insufficiency of income personal need or otherwise,* and my said trustees shall not be held accountable to any court or to any person for the exercise or non-exercise of this completely discretionary power." (Emphasis supplied.)

There is no question as to the validity of the will or testamentary trust.

The sole question presented by the petitioner and the special guardian concerns the construction of the italicized words above quoted in paragraph "FIFTH". In other words, does "or otherwise" mean "for any other reason" or does the doctrine of *ejusdem generis* apply?

The learned Surrogate in his decree determined that the corpus might be invaded "pursuant to the terms of the Will, only because of insufficiency of income, personal need or otherwise as construed by the Court in its decision herein", and denied the application of the executor-trustee "on the ground that there has been no showing of insufficiency of income, personal need or otherwise of said Margaret Bisconti".

In his decision, the Surrogate stated: "The court holds that the principal may be invaded only because of 'insufficiency of income or personal need.' The words 'or otherwise' are construed to refer to a reason similar to those specifically mentioned. Under the circumstances the language should not be strained so as to result in the destruction of the trust (*Matter of Morse*, 198 Misc. 364)."

The question presented by this appeal is whether the words in the "FIFTH" paragraph of the will, "whether because of insufficiency of income personal need or otherwise" give rise to an ambiguity thereby necessitating our resort to canons of construction in order to ascertain the intention of testatrix — in this case the canon of *ejusdem generis* — or whether her intention is clearly found in the words used so that there is no need to apply canons of construction.

The application of the rules of construction of wills is for the purpose of determining the intent of the testator where that intent is not clearly expressed by the testamentary words, and the rules of construction are to be disregarded when the language is clear and definite. It is well established that rules of construction are merely subsidiary aids. (*Matter of Watson*, 262 N. Y. 284, 293, 294.) If intention of a will-maker is to be found in the words used in the will and these are clear and definite there is no power to change them. (*Matter of Watson*, *supra*.) As is stated in Davids on the New York Law of Wills: "When intention can be ascertained as a fact from the instrument itself * * * there is no occasion for a presumption in respect thereof, and the decision should not be affected by the rules in question. Hence the rules of construction are to be disregarded where the decedent's intention is clearly or sufficiently manifest, or where the language of the instrument is plain and its meaning obvious." (Vol. I, § 491, p. 805; see *Matter of Rollins*, 271 App. Div. 982, affd. 297 N. Y. 612.)

It seems to us that no question as to the intention of the testatrix arises but that a mere reading of the disputed clause indicates that the testatrix intended her trustees to handle the trust for her daughter just as they thought best. There is nothing ambiguous about its wording. Nor can the terms be characterized as technical language which "has acquired, through judi-

cial decision, a definite and legal significance '' which the courts must presume that the testatrix intended it to have. (See *Matter of Krooss,* 302 N. Y. 424, 428; see, also, *Manion* v. *Peoples Bank of Johnstown,* 292 N. Y. 317, 321.) The trustees' discretion to invade the principal was to be '' uncontrolled ''— '' *whether* '' for the two reasons specified '' or otherwise ''. Reading the paragraph as an integrated whole, the word '' whether '', following words of an essentially negative character, excluding all control over the trustees, eliminates any restriction on their judgment and renders the special items enumerated words of description only — the words '' or otherwise '' being another and more general descriptive category. Moreover, the broad inclusive character of the terms '' insufficiency of income '' and '' personal need '', makes it evident that the words, '' or otherwise '', represent terms of enlargement to include every conceivable situation outside those stated. (See, e.g., *United States* v. *Mescall,* 215 U. S. 26, 31.) There is a clear distinction between this language and the frequent affirmative enumeration of testamentary bequests, such as '' chairs, tables, or other household furniture '', where, obviously, the last general term must be governed by those preceding it.

In view of the clear intention of the testatrix, we find it unnecessary at this time to discuss or decide whether the testatrix' declarations of her intention at the time of the making of the will are admissible. (See *Baumann* v. *Steingester,* 213 N. Y. 328; *Matter of Wheeler,* 32 App. Div. 183, affd. on the opinion below, 161 N. Y. 652.)

The order of the Appellate Division and the decree of the Surrogates' Court should be reversed, and the matter remitted to the Surrogates' Court for further proceedings not inconsistent with this opinion, with costs in all courts to all parties appearing separately and filing separate briefs, payable out of the estate.

LEWIS, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Order reversed, etc.