Herbert E. Henton, S.
This is an application for an order directing the Nyack Bank and Trust Company (hereinafter referred to as the Bank) as testamentary trustee to pay to the petitioner as life beneficiary certain sums of money out of the corpus of the trust created under paragraph ‘ ‘ fifth ’ ’ of the will. The petitioner seeks (1) the sum of $10,000 in accordance with her request in writing dated June 8, 1954, for a one-year period; (2) the sum of $10,000 annually upon request in writing by petitioner to be paid on June 8,1955 and each and every year thereafter, until the death of petitioner or until the corpus is exhausted; (3) the additional sum of $25,000 for petitioner’s maintenance and support between November 10, 1951, the date of petitioner’s original demand upon the Bank, and the demand dated June 8, 1954. The respondent Irene Scott Burr, a remainderman, and the special guardian oppose.
This matter was not finally submitted until June 14, 1955.
Heretofore, in a proceeding to construe the will, the court determined that while it believed that the testator intended to constitute his wife sole judge of the amount of the corpus of the trust which might be necessary for her proper maintenance and support, he did not intend to give her an absolute and unlimited right to demand and receive at any time so much of the principal of the trust fund as she might desire, and thereby destroy the trust, but that he intended that she should exercise honest judgment and good faith which may be challenged by any party interested. See opinion of this court dated August 7, 1953 and decree made thereon dated October 15, 1953.
Dispute arose during the present proceeding with regard to the admissibility of testimony as to independent resources of the petitioner. The respondent Burr (a remainderman) and the special guardian rely on Matter of Martin (269 N. Y. 305) and Matter of Hogeboom (219 App. Div. 131). On the other hand, see Matter of Clark (280 N. Y. 155); Rezzemini v. Brooks (236 N. Y. 184). The respondent Burr does not claim that the petitioner’s personal assets must be exhausted and asserts that the amount to which the petitioner is entitled is “ a matter of judicial opinion ’ ’. The court received such evidence for what it might *696 be worth on the question of honest judgment and good faith, and is of the opinion that it is immaterial for any other purpose, under Matter of Ciark (supra) which the court feels is applicable here.
The petitioner is 75 years of age and has no children. She testified that she is afflicted with cataracts.
On the basis of the record before it, the court is inclined to hold that the demands made by the petitioner were not in good faith or in the exercise of honest judgment, and it devolves upon the court to determine what is reasonable under the circumstances. (Matter of Morse, 280 App. Div. 171.) It appears that the principal of this estate is approximately $45,000. The demand made upon the Bank by the petitioner under date of November 10,1951 for the sum of $30,000 would have exhausted the greater portion of the corpus. Likewise, the demand under date of June 8, 1954 (Exhibit 3) for $12,500 per year and the sum of $30,000 covering a period from the time of the original request of November 10, 1951 would have a still greater effect. It is noted that there is attached to the petition herein a letter purporting to bear the same date and language as petitioner’s Exhibit 3 except that the amount demanded per year in the former is $10,000 and the amount covering the period from November 10, 1951 is $25,000. In addition, the record indicates a tendency on the part of the petitioner to make gifts of her property. In a proceeding previously brought in this court for an order granting advice and direction as to the propriety of payment to the petitioner of the entire amount of the principal, which proceeding was later withdrawn, there was evidence that she had given sums in the neighborhood of $20,000 to one person, although her testimony in the present proceeding indicates approximately $14,000. In any event, these sums of money were not repaid. There is also in the present record testimony with regard to other gifts. Furthermore, some'of the items testified to in the present proceeding appear speculative in nature. The sum of $1,500 is requested annually for a housekeeper and $3,000 for a chauffeur, although these items have not been anil may not be expended or incurred. As to the request for retroactive payments, it is to be noted that the Florida home has been operated only since the Fall of 1953. There is also testimony with respect to the cost of $3,000 per year for underclothing.
Under the circumstances, the court determines that the annual amount to be paid to the petitioner from the corpus (upon hex-written request) shall be the sum of $5,000, commencing from *697 the time of service on the Bank of the order made hereon. The application is in other respects denied. In the event that the petitioner has to have an operation for cataracts she may make an appropriate application.