Desmond, J.
(dissenting). Frequently this court has to construe inapt, ambiguous or contradictory language in a will and in those cases we use various rules and guides to construction. But nothing like that confronts us here. In simple, clear nontechnical words this testator commanded that after the death of his sister-in-law Edith S. Fabbri, the remainder of a certain trust should be “ distributed to and among such issue of Teresa F. Clark, daughter of the said Edith S. Fabbri, as I may designate in writing ”. There was nothing else in the will on that subject. The testator never designated, in writing or otherwise, any children of Teresa F. Clark to receive the remainder. Since he had positively ordered that the fund should go to those only whom he should designate and since he chose not to designate anyone (such designation would require a writing with the formalities of testamentary execution), it follows of necessity that he died intestate as to that remainder. That was his own solemn choice and it should be respected and obeyed like everything else in the will.
*245 There is here not a problem of eonstrnetion but an obligation of enforcement of a plainly worded will. Courts decide what a testator’s will means if the meaning be unclear. It is no part of the judicial function to reason out what a testator should have done with his property or what he would have done had he done anything. So recently as Matter of Bisconti (306 N. Y. 442, 445) we reminded ourselves and the Bar and the public that “ if intention of a will-maker is to be found in the words used in the will and these are clear and definite there is no power to change them ” (see, most recently, Matter of Barnes, 2 N Y 2d 787). Nowhere could this testator have found words more free from ambiguity than those he used. The doubt is not as to what he said and meant in his will but as to his reasons for saying it and why he failed to make the designation. But that was his own failure and his own secret and our guesses are as likely to be wrong as to be right (see Matter of Watson, 262 N. Y. 284, 294).
Judicial reluctance to adjudge partial intestacy can have no effect here, any more can our wish that the testator had made a later written designation so as to leave a plan of distribution more symmetrical or to our minds more fair. Perhaps one or the other of these appellants (grandniece and grandnephew of testator) will do better by reason of the intestacy since a written designation (had one been made) might have disinherited completely one or the other appellant. The only thing we as a court can be sure of is that Alessandro Pabbri had as much right to choose to die intestate as to part of his property as he had to choose not to make any will at all. The laws of intestate succession are as much binding in one case as in the other.
Of course, we would agree with the majority if the testator had unconditionally nominated the issue of Mrs. Clark as a class or group entitled to the remainder, leaving for the future a direction as to apportionment. But he did not say that at all and if such was his intention he never disclosed it. Yet the court not only decides that both Mrs. Clark’s children shall share in the trust fund but goes further and itself makes the apportionment decreeing that each child take an equal share. Never in any form of words did Alessandro Pabbri give such a direction or express such an intent.
*246 The order appealed from should be affirmed, with costs to respondent against appellants.
Conway, Ch. J., Dye and Van Vookhis, JJ., concur with Burke, J.; Desmond, J., dissents in an opinion in which Fuld and Froessel, JJ., concur.
Order of the Appellate Division reversed and the decree of the Surrogate reinstated, with costs in this court and in the Appellate Division to all parties appearing separately and filing separate briefs payable out of the estate.