Maximilian Moss, S.
In this accounting by the temporary administrator and executor construction is requested of article “ Eighth ” of testator’s will, which reads as follows:
“ Eighth: All of the rest, residue and remainder of my estate, I give, bequeath and devise to my trustee hereinafter named in trust, nevertheless, for the following uses and purposes:
“ (a): To apply the income and as may be deemed necessary by said Trustee, so much of the principal not to exceed Two Thousand Five Hundred ($2,500.00) Dollars in any one year for the support and maintenance of my brother Richmond Fowler, for and during the term of his natural life directly by said Trustee without the intervention of any person, committee, guardian, association, society, corporation or any other agency of any kind, nature or description. ’ ’
In the next article testator appointed petitioner, who was his attorney, as executor, and his cousin, Helen Shea Ryan, as trustee under the trust created in paragraph “ Eighth”, with her son as secondary trustee in the event of her death. The latter has qualified but the trust has not yet been set up although the will was probated in 1948.
The plain import and intent of the quoted paragraph is to give the life beneficiary the benefit of all of the income of the trust from the date of death of the testator (Personal Property Law, § 17-b; Matter of Stanfield, 135 N. Y. 292; Matter of Bird, 241 N. Y. 184; Matter of Mangam, 100 N. Y. S. 2d 65). In addition, he is to benefit from the principal of the residuary trust *984 estate up to $2,500 each year if the trustee should deem it necessary for his support and maintenance. The court construes the right to invade principal herein to be independent of the beneficiary’s own financial resources (Matter of Allen, 192 Misc. 8, and cases cited).
The trustee is required by the terms of the will to “ apply” income and principal for the benefit of the beneficiary without the intervention of the committee, thereby saving double commissions. Even without such express provision the direction to ‘ ‘ apply ’ ’ income and principal carries the duty on the part of the trustee himself to disburse the moneys for the benefit of the beneficiary, which duty cannot be delegated to another including a committee (Matter of De Acosta, 8 Misc 2d 46, and cases cited). This does not however prevent the trustee from reimbursing the committee for the reasonable expenses of his ward’s support and maintenance paid out of his own resources, nor does it relieve the trustee from the obligation of determining and applying the amount of principal if any which was reasonably required, not exceeding $2,500 per year, for the incompetent’s support. The decree may direct the payment of the accumulated income and of any part of the principal determined as aforesaid to the committee in reimbursement of such expenses (see Matter of Iselin, 51 N. Y. S. 2d 945). Settle decree on notice construing the will and judicially settling the account accordingly.