John J. Dillon, S.
In a proceeding to construe provisions for principal invasions of testamentary trusts for the benefit of the widow of testator, the petition also requests that the court *478 direct payment by the trustee from principal of (a) such amount as when added to income will equal the sum of $7,500 yearly, and (b) such amounts as are required to discharge the liability of the widow for Federal income taxes for the years 1953 through 1956 in the stated sum of $8,595.12, and New York State income taxes for the same period in the stated sum of $2,720.16.
The will is construed as a charge of such amount, in addition to trust income, as in the sole judgment of the trustee may be necessary for the support and maintenance of petitioner. (Holden v. Strong, 116 N. Y. 471.) An examination of the will as a whole discloses that the primary purpose of testator was to provide for the support and maintenance of his widow, even though they had been living apart at and prior to his death, and that the provision for the disposition of the ‘ ‘ unexpended portion ” of principal to the designated charity was a secondary consideration. The trustee is required to furnish such support and maintenance from income, and in a sound discretion to use “ the principal” “ or such part of the principal ” as may be necessary for such purpose. (Matter of Clark, 280 N. Y. 155.) In exercising such discretion the trustee is neither required nor permitted to consider any independent resources of the widow or her independent income or earnings, if any. (Holden v. Strong, supra.) In exercising a sound judgment, the trustee must take into consideration the conditions under which the widow had become accustomed to live as well as her health.
The trustee has interpreted the provisions of the will for principal invasions as permitting or even requiring him to consider the independent earnings or income of the widow in exercising the discretion conferred upon him with respect to such invasions of principal. Such mistaken interpretations, although made in good faith, has necessarily resulted in an abuse of discretion in the failure of the trustee to invade principal within the limitations imposed upon his discretion by the terms of the will.
The failure of the trustee to invade principal as required by a sound judgment and to exclude from his consideration in exercising such discretion any independent income or earnings of the widow has resulted in the ‘ above-mentioned income tax deficit of approximately $11,300 for the years 1953 through 1956. Under these circumstances the trustee is directed to invade principal to the extent necessary to discharge petitioner’s tax liability for such period. The determination that the exercise of such judgment requires the invasion of principal in order to discharge petitioner’s income tax obligations is not to be *479 regarded as a holding that any income tax or other liability of the beneficiary in any future year will require an invasion of principal by the trustee for its payment.
The request for an invasion of principal of such sum as in addition to income will equal the amount of $7,500 annually is denied. The discretion with respect to the extent of the principal invasions necessary to provide for the support and maintenance of the petitioner is vested in the trustee. Although the court may review the exercise of such discretion, it may not usurp the function of the trustee by attempting to exercise the discretion conferred upon him. The exercise of ordinary care and a sound judgment is all that is required of the trustee in determining the amount of principal necessary for the support and maintenance of the petitioner.
Settle decree accordingly.