■ In the Matter of the Construction of the Will of JAMES R. GARRETT, Deceased. OTHO S. BOWLING, as Trustee, et al., Appellants-Respondents; GRACE K. GARRETT, Respondent-Appellant; LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Respondent.— In this proceeding in the Surrogate's Court, Westchester County, a decree was entered which, *inter alia*, (1) construed the will to the effect (a) that trust principal, in addition to trust income, be charged with such amount necessary for petitioner's (the testator's widow) support, that the primary purpose was to provide for her support, and that the bequest of unexpended portions of principal to Northwestern University was secondary, (b) that such support be required to be paid from income and in discretion from principal, that petitioner's independent resources should not be considered, and that the conditions under which petitioner is accustomed to live as well as her health must be considered, and (c) that principal be charged with such amount necessary to discharge her income tax liabilities for certain years only, (2) adjudged that the trustee (a) considered mistakenly petitioner's independent income, (b) failed to invade principal which has resulted in petitioner's income tax deficit, (c) directed the trustee to invade principal to pay said deficit, directly, at his option, to the proper public authorities, and (d) continued the trust according to the terms of the will and the decree, (3) denied petitioner's application for invasion of

principal in such amount as, in addition to income, will equal $7,500 annually, and (4) allowed compensation to the attorneys for the parties. The trustee, as limited by his brief, appeals from all of the provisions of said decree except the provision which denied petitioner's application for an additional annual allowance out of principal and the provision which allowed compensation to the attorneys for Northwestern University. Northwestern University, as limited by its brief, appeals from all of the provisions of said decree except the provision which denied petitioner's application for an additional annual allowance out of principal and the provisions allowing compensation to the attorneys. Petitioner appeals from so much of said decree as denied her application for an additional annual allowance out of principal. Judgment modified upon the law and the facts (1) by striking therefrom the first decretal paragraph and by substituting therefor a paragraph to the effect that the construction and intent of the will is that there is no charge of such amount in addition to trust income, as in the sole judgment of the trustee may be necessary for the support and maintenance of the petitioner, (2) by striking from said decree the second decretal paragraph and by substituting therefor a paragraph to the effect that the construction and intent of the will is that the trustee is required to furnish such support and maintenance from income, and in a sound discretion to use the principal or such part of the principal as may be necessary for such purpose, and that in exercising such discretion the trustee is permitted to consider any independent resources of the petitioner or her independent income or earnings, if any, (3) by striking from said decree the third decretal paragraph and by substituting therefor a paragraph to the effect that the trustee correctly interpreted the provisions of the will for principal invasion as permitting him to consider the independent earnings or income of the petitioner in exercising the discretion conferred upon him with respect to such invasion of principal, (4) by striking from said decree the fourth decretal paragraph and by substituting therefor a paragraph to the effect that the failure of the trustee to invade principal has not resulted in the income deficit of approximately $11,500 for the years 1953 through 1956, (5) by striking from said decree the fifth decretal paragraph and by substituting therefor a paragraph to the effect that the construction and intent of the will is that the principal fund in the hands of the trustee is not charged with such amount as is necessary to discharge petitioner's income tax liabilities, and (6) by striking from said decree the sixth and seventh decretal paragraphs. As so modified, decree insofar as appealed from affirmed, with costs to all parties filing separate briefs payable out of the trust. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The testator placed his reliance and confidence in the trustee whom he called "friend". The trustee had known the testator and his wife (the petitioner) for a number of years. Under the peculiar circumstances here disclosed it may not be said that the trustee abused the discretion given him. The corpus of the trust is not large, and if it is required to be invaded through petitioner's improvidence it is quite within the realm of possibility that the fund may be entirely exhausted before her death. The trustee is entitled to take into consideration any independent resources of the petitioner in determining whether to invade the corpus for her maintenance. In our opinion the allowances for the trustee's and the petitioner's attorneys' fees should not be disturbed. Wenzel, Acting P. J., Ughetta and Kleinfeld, JJ., concur; Beldock and Murphy, JJ., dissent and vote to reverse the decree as indicated in, and to remit the proceeding to the Surrogate's Court for the entry of a decree in accordance with, the following memorandum: The trustee

is empowered to use such part of principal as in his judgment may be necessary for petitioner's maintenance. It was error to construe this provision as excluding consideration of petitioner's personal means in determining whether to invade corpus. There is no absolute gift of a sum sufficient for maintenance coupled with a direction to invade corpus if income is insufficient (cf. *Rezzemini* v. *Brooks*, 236 N. Y. 184; *Matter of Clark*, 280 N. Y. 155), or a direction to pay out of a fund without differentiation between principal and income for the benefit of a subnormal child (*Holden* v. *Strong*, 116 N. Y. 471). The pertinent provision, even more clearly than those considered in *Matter of Martin* (269 N. Y. 305) and *Matter of Downey* (277 App. Div. 921), warrants consideration by the trustee of all material factors in determining petitioner's need for maintenance. The proof shows that the trustee has admirably managed the assets of the estate, but that he has arbitrarily withheld money needed to maintain petitioner in accordance with the evident intention of the testator to do so in the manner in which she was accustomed. The fact that petitioner is improvident is beside the point. She is to be maintained nonetheless. Where income is inadequate there must be invasion of corpus but with due regard for her over-all future needs. Petitioner is about 61 years of age, unemployed and with nothing other than income of approximately $4,750 per annum. Unless her past tax indebtedness with continuing heavy penalties and interest is paid it will engulf her. Out of the corpus of $128,684 as of the commencement of this proceeding, $2,000 per annum under present circumstances is dictated as necessary for maintenance Settle order on notice. [16 Misc 2d 477.]