Herbert E. Henion, S.
Despite the mist in which it has been shrouded, the issue in this construction proceeding remains quite simple of formulation if somewhat less so of solution.
Item “ Twelfth ” of the will reads as follows:
“ Twelfth: I hereby give, devise, and bequeath the sum of Fifty Thousand ($50,000.00) Dollars to my trustee hereinafter named in trust for the following uses and purposes:
“A. To hold, manage, invest and reinvest the same, to collect and receive the income therefrom and pay the net income in quarterly installments to my sister, Bertha Levison Raphael, during her lifetime.
‘ ‘ B. Upon the death of my sister, my trustee shall pay over and distribute the principal remaining of the said trust together with any accumulated income to my residuary estate.
“ C. I hereby authorize and direct my trustee in his sole discretion to apply such portion of the principal as he shall deem necessary for the proper care, support, comfort and maintenance of my sister, provided however, that the portion of principal so used shall not exceed the sum of Two Thousand Five Hundred ($2,500.00) Dollars in any one year.”
*698 • It is stated in the petition that “ the deceased in his lifetime was well aware that the petitioner had funds of her own Moreover, under item “ Eleventh ” of the will the petitioner is left two items of real property, the sum (as increased by the first codicil) of $50,000, and the decedent’s “ jewelry, diamonds, clothing and household effects
The issue can be stated as follows. Does paragraph C of item “Twelfth” provide for support regardless of the other resources of the beneficiary (including other provisions for her in the will and first codicil), bringing the case within the rule of Holden v. Strong (116 N. Y. 471); Rezzemini v. Brooks (236 N. Y. 184) and Matter of Clark (280 N. Y. 155) ? Or does it provide for invasion only in case of need, as in the line of cases headed by Matter of Martin (269 N. Y. 305)? Of course the language leaves the matter of invasion to the trustee’s “ sole discretion ’ ’, but the exercise of such discretion is not impregnable and it is necessary to construe the will in order to arrive at the test by which discretion is to be guided and evaluated.
It seems a reasonable assumption that the testator intended the trustee either (1) to consider all the other resources of the beneficiary, including the income from this same trust under paragraph A, or (2) to consider none of them. There is nothing in item “Twelfth” to indicate that the income under “A” and any invasions of principal under “ C ”, physically isolated as it is from “A ”, were to be considered together in arriving at a figure “ necessary ” for support (cf. Matter of Cowee, infra). If the foregoing assumption is correct it is a strong argument against the first interpretation referred to above, since the bequest of the income is presumably to be used for the beneficiary’s support and it would not be expected that the testator would then make an absolute gift of her support (up to $2,500) from the principal. In this respect the case is distinguishable from Matter of Scott (29 Misc 2d 694); Manning v. Sheehan (75 Misc. 374); Matter of Birdsall (176 Misc. 619); Matter of Coghlan (72 N. Y. S. 2d 778); Matter of Willcockson (77 N. Y. S. 2d 271); Matter of Fowler (6 Misc 2d 982) and Matter of Paster (22 Misc 2d 4) in all of which it was at least implied from the physical arrangement or from such words as “in addition thereto” or “ and such additional sum”, that income and principal from the trust under consideration were to be considered together. (In some of the cases just cited there was the further distinction that the gift of principal was as broad as the gift of income.)
It is clear that if the second interpretation is to be adopted the trustee cannot be held on this record to have abused his *699 discretion, nor can petitioner be awarded in this proceeding $2,500 per year or any sum, since there is no proof of her resources or needs, nor is there in the petition any claim of such abuse of discretion under the second interpretation.
It should be noted that in items “ Thirteenth ” and “ Fourteenth” (both increased by the first codicil) testator set up trusts for two nieces using substantially identical language.
It has already been mentioned that the instant case is unlike many others in that here income and principal are not lumped together for purposes of support, nor is the gift of principal as broad as the gift of income. The will in Matter of Clark (supra) departed further from the present case in that the authorization to invade was preceded by a condition that the income “be insufficient for her every comfort and support ”. Compare, also, Rezzemini v. Brooks (supra); Matter of Gatehouse (149 Misc. 648) and the Ward, Shea, Blanchard and Van Zandt cases therein cited; Matter of Bennett (14 N. Y. S. 2d 173); Matter of Morse (198 Misc. 364); Matter of Rosenberg (121 N. Y. S. 2d 874).
In this case, as in many, the issue depends on the meaning of the word “necessary”. Does it refer to the necessities of the beneficiary or to the mathematical necessity of the invasion to accomplish the testator’s direction? In Ressemini v. Brooks (supra) as stated in Matter of Martin (supra, p. 311): “ The gift from principal was not in terms made conditional upon the necessities of the son but rather upon the insufficiency of income to provide care and support.” (See, also, Matter of Birdsall, supra, p. 621.)
It is clear that in exercising his discretion the trustee herein may and should consider all the resources of the beneficiary. (Matter of Garrett, 9 A D 2d 545 [2d Dept.], modfg. 16 Misc 2d 477, affd. 8 N Y 2d 725; Matter of Downey, 277 App. Div. 921 [3d Dept.], affg. 87 N. Y. S. 2d 60, motion for leave to appeal denied 301 N. Y. 814; Matter of Mayer, 59 N. Y. S. 2d 558; Matter of Kelly, 166 Misc. 774.) This case falls within the rule of Matter of Martin (supra) in that the gift is not an absolute gift of support but is a gift of income coupled with a provision that the principal may be invaded in case of need. The word “necessary” is construed to refer to the necessities of the beneficiary.
Matter of Cowee (120 N. Y. S. 2d 674) is a case so similar tó the instant one that the following is worth quoting therefrom (p. 682): “ She had been given an outright gift of approximately $40,000 and, in addition to that, this trust fund had been set up for her use and benefit. It was the thought of the testatrix that *700 the $40,000 outright gift might he expended by Helen Selleck Baldwin and also her own personal means might eventually be exhausted. In the event she was without means by reason of the happening of those events, the testatrix provided additional means to take care of the life tenant by authorizing the trustee to invade the principal of the trust fund for her proper support, maintenance and medical land surgical care. The gift of principal was not as broad as the gift of interest. ’ ’
The will is accordingly construed to the effect that in exercising his discretion under paragraph “ C ” of item ‘ ‘ Twelfth ’ ’ the trustee may and should consider all the resources of the beneficiary.