Joseph A. Cox, S.
In this proceeding for the probate of the . will the court has reserved for supplemental decision a question of construction which was raised by answer and excluded from the provisions of an agreement of settlement that has previously been approved. It is the contention of the representative of the estate of a person now deceased who is said to be the only distributee of the testatrix that intestacy results from the failure of the testatrix to provide for the disposition of the residuary estate. After making a number of specific bequests of bank accounts and articles of personal property, the testatrix left legacies of $1 to a number of named relatives of whom the objectant’s intestate was listed as number one. The representative of his estate argues that the complete failure to dispose of the residuary estate results in its intestate passage to the surviving distributee of the decedent. The Methodist Church of Mareeline, Missouri reads the text quoted below as expressing the intention and purpose of the testatrix to bequeath her residuary estate to the Church. 1 ‘ I have not at any time in my life made promise written or spoken to give to anyone else any of my earthly possessions and that no friend or relative has a right to question this will. If, however, any person shall attempt to break it, I hereby bequeath to him or to her, if necessary, thereby to complete the legality of this instrument, the sum of one dollar, all that might, by this will, otherwise have been *465 Ms or hers becoming thereby and simultaneously the property of the Methodist Church of Marceline, Missouri.” No where else in the will is there any language which could conceivably be construed as an attempt at a residuary bequest but there are expressions of the testatrix’ deep feeling for the Church and this, coupled with the bequest of $1 to her Uncle Jim, the objectant’s intestate and only distributee, is said by the Church to be expressive of the over-all purpose of the testatrix to dispose of the residue to it. Cited in support of this contention is Matter of Fabbri (2 N Y 2d 236). In that case the testator had directed that upon the death of his brother’s wife, “ the principal of the trust fund created for her benefit shall be distributed to and among such issue of Teresa F. Clark, daughter of the said Edith S. Fabbri, as I may designate in writing.” Teresa F. Clark died survived by two children. The testator left no writing designating in what proportions those infants were to share the bequests. The Court of Appeals relying upon the presumption against intestacy and finding an over-all purpose, divided the principal between the two individuals who were the only members of the class designated by the testator.
The court is of the view that the reasoning and, the result in Fabbri would not justify the adoption of the construction urged by the respondent. There is a complete failure on the part of the testatrix here to give any expression of an intention to dispose of her residuary estate. The presumption against intestacy cannot be invoked to supply that deficiency when the testatrix heself wholly omitted any reference to any recipient of her bounty. (Matter of Bisconti, 306 N. Y. 442; Matter of Jay, 142 N. Y. S. 2d 234, affd. 1 A D 2d 661, affd. 1 N Y 2d 897.) The court accordingly holds that the residue of the estate passes as intestate property.