Laurence D. Wood, S.
Decedent, Frank A. Grossman, died a resident of Onondaga County on October 9, 1959. His last will and testament dated September 30, 1959, was duly admitted to probate by this court on October 26, 1959, and letters testamentary were duly issued to decedent’s widow, Mildred Goerne Grossman, and Lincoln National Bank & Trust Company of Central New York, and letters of trusteeship under the will were duly issued to Lincoln National Bank & Trust Company of Central New York.
Decedent left him surviving his widow, Mildred Goerne Cross-man, Stephen B. Crossman and Raymond B. Crossman, sons by a previous marriage of decedent, and Donald McAllister Cross-man, son of Mildred Goerne Crossman by a previous marriage, who had been adopted by decedent.
*1096 Decedent in paragraph “ Fourth (A) ” of his will provided in part as follows: “ If my said wife, Mildred Groerne Crossman, survives me, I give, devise and bequeath to my trustee hereinafter named, to be held in trust by it, however, a portion of my estate, the value of which shall be computed as set forth in sub-paragraph ‘ B ’ of this paragraph ‘ fourth ’, and said portion of my estate so determined shall be separately held in trust for the following purposes: to invest and reinvest the same, collect the income therefrom and to pay all the net income therefrom to my said wife during her life, in quarterly or more frequent installments, and in addition, to pay to my said wife at any time and from time to time, such part or parts of the principal of this trust as my said wife, by writing filed with my said trustee may request, or as my trustee shall deem necessary or suitable for my said wife’s comfortable maintenance, support and welfare, and upon my said wife’s death, the then principal of this trust, if any, is to be paid out and distributed as. my said wife may appoint by her last Will and Testament, outright or otherwise, in favor of her estate or any appointee or appointees, and in default of the valid appointment thereof, the then principal of this trust shall be held, administered, distributed and disposed of pursuant to the provisions of paragraph 1 fifth ’ hereof, in the manner provided for with respect to my residuary estate. ’ ’
In paragraph “Fifth” of his will, decedent provides for a separate trust of the residue of his estate with net income payable to his wife for life, with power given to the trustee alone to invade the principal for his wife’s maintenance, support and welfare and for their children’s maintenance, support and welfare with the provision that no payments of principal should be made from this trust until principal of the trust created under paragraph “ Fourth (A) ” should be completely exhausted.
On August 24, 1961, the trustee under the trust under paragraph “ Fourth (A) ” paid to Mildred Groerne Crossman, pursuant to her written request, the sum of $26,000 from the principal of this trust.
Decedent at the time of his death, owned a policy of life insurance in Penn Mutual Life Insurance Company. Prior to May 6, 1959, the primary named beneficiary in this policy was Ruth Crossman, the deceased first wife of decedent. The secondary beneficiaries were the children, Stephen B. Crossman and Raymond B. Crossman. Decedent, prior to his death, had pledged the proceeds of the policy to the Lincoln National Bank & Trust Company of Central New York as collateral security for a loan of $7,000. Decedent on May 5, 1959, executed a document referring to this policy and entitled ‘ ‘ Request to Law Department *1097 for Designation”. This document states his intent to change the primary beneficiary to be Mildred G-. Crossman and the secondary beneficiaries to be Stephen B. Crossman and Raymond B. Crossman. It appears that this document had been received by Penn Mutual Life Insurance Company which then on May 11, 1959, forwarded to decedent a formal document entitled “ Owner and Beneficiary Designation” which provided for the same change of beneficiaries as did the “ Request to Law Department for Designation ”. The “ Owner and Beneficiary Designation ” was, however, never received by the insurance company and was not located among the effects of decedent.
The proceeds of the Penn Mutual Life Insurance policy were paid to Lincoln National Bank & Trust Company of Central New York upon the death of decedent in the amount of $5,779.28.
There was also pledged to Lincoln National Bank & Trust Company of Central New York by decedent in his lifetime as collateral, security for payment of the same debt, two policies of life insurance in Mutual Benefit Life Insurance Company naming Mildred Go erne Crossman as primary beneficiary, the proceeds on death of which totaled $16,598.44. Sufficient money was collected by Lincoln National Bank & Trust Company from these policies to pay the balance of the debt.
The amount of the debt owing by decedent to Lincoln National Bank & Trust Company at the date of death, including interest, was $7,045.90.
By reason of the above-stated facts, three questions are presented to this court for decision. The first question is whether under the above-quoted paragraph ‘ ‘ Fourth (A) ’ ’ of the will, the widow has an absolute and unqualified right of invasion of the principal of the trust upon her filing the required written request with the trustee or whether this right of invasion requires the trustee to also agree to the necessity or suitability of the invasion or invasions by the exercise of its discretion.
The second question is whether there was a valid change of beneficiary in the life insurance policy first above named with the Penn Mutual Life Insurance Company by reason of the acts of decedent in executing and filing with the company the above-mentioned “ Request to Laxv Department for Designation ” or whether more was required in order to legally effect a change of beneficiary.
The third question involved is whether or not the debt owing to the bank and secured by the three life insurance policies herein should be charged against the said policies alone or whether the' beneficiary or beneficiaries under the policies are entitled to subrogation to the amount of said policies against the assets of *1098 the estate and, therefore, are entitled to payment from the estate of the full amount collected by the bank from the proceeds of the policies.
Under familiar rules of law, in interpreting the will of a decedent, we are required to determine and give effect to the intent and purposes of the testator. (Matter of Fabbri, 2 N Y 2d 236.)
Where, as here, the language of the will is clear and concise, the law is well established that we are to look to the will itself, and not to evidence outside the. will to determine the intent and purposes of the testator. (Matter of Fabbri, supra; Matter of Watson, 262 N. Y. 284, 294; Matter of Bisconti, 306 N. Y. 442; Matter of Bloomberg, 6 A D 2d 132.)
The special guardian for the infant, Raymond B. Crossman, in very able briefs, argues that construction of paragraph ‘1 Fourth (A) ” of decedent’s will requires in any event that invasions and payments of principal of the trust to decedent’s wife should be made only “ as my trustee shall deem necessary or suitable for my said wife’s comfortable maintenance, support and welfare ” and requests a hearing for testimony of decedent’s wife to determine her financial circumstances and needs, to determine the propriety of the invasion and payment of principal to her.
Here, in our opinion, testator has in clear, concise and unequivocal language established a comprehensive plan for the distribution of his estate. He has provided first for payment of $2,500 cash to his widow, second, a trust primarily for the benefit of the widow with power of invasion of principal for the benefit of the widow and third, a separate trust for the benefit of the widow with contingent remainders over, with which we are not now concerned. The will is very carefully drawn to eliminate the widow’s right of election under section 18 of the Decedent Estate Law and by the trust contained in paragraph ‘ ‘ Fourth (A) ” of the will to take full advantage of the Federal estate tax marital exemption.
It is the opinion of this court that the widow has an absolute and uncontrolled power of invasion of the principal of the trust created by paragraph “ Fourth (A) ” of decedent’s will and that all that is necessary for the exercise of this power is the filing of a written request or requests by the widow with the trustee for a part or parts or all of the principal. The widow does not need to assign any reason or need for the funds. The use of the disjunctive “ or ” was merely to give to the trustee a discretionary power of invasion of principal for the ‘ ‘ maintenance, support and welfare ” of the widow, in the event that *1099 she for any reason did not or could not file with the trustee the required written requests, and was clearly not intended by the testator as a limitation on the sole power to elect invasion given to the widow. Any other interpretation would do violence to the clearly expressed intention of the testator.
Further, the limitation on the power of invasion of the principal of the trust under paragraph “ Fifth ” of the will that no payment should be made from the principal thereof “ until the principal of the trust created for the benefit of my said wife under paragraph ‘ Fourth ’ hereof has been completely exhausted ” clearly confirms testator’s anticipation that the principal of the trust under paragraph “Fourth (A) ” might and quite probably would become exhausted in accordance with its terms.
In the court’s opinion, the decisions in Matter of Morse (280 App. Div. 171) and Matter of Scott (29 Misc 2d 694) construe wills differing materially in their terms from the will we are considering here and are not applicable.
Having decided as a matter of fact and law that Mildred G-oerne Crossman had an unqualified right to invasion of principal of the trust under paragraph “ Fourth (A) ” of decedent’s will, testimony concerning her financial needs and circumstances is unnecessary and a hearing for that purpose requested by the special guardian is hereby denied.
The special guardian of Raymond B. Crossman argues that the life insurance policy in Penn Mutual Life Insurance Company was never changed and that Ruth Crossman, the primary beneficiary having predeceased decedent, the secondary beneficiaries of whom the infant, Raymond B. Crossman, is one, became entitled to the proceeds.
We cannot agree with the contentions of this special guardian.
There is no evidence before the court indicating any requirement in the Penn Mutual Life Insurance policy of any formal notice to the company of a change of beneficiary, nor of any requirement that a change of beneficiary be indorsed on the policy in order to become effective.
It is the court’s opinion also that the “Request to Law Department for Designation ” duly signed by deceased and forwarded to and received by the insurance company, was sufficient to effect a change in the primary beneficiary of the policy of life insurance in Penn Mutual Life Insurance Company to Mildred J. Crossman.
Subdivision 4 of section 166 of the Insurance Law referring to life insurance policies provides, without other qualification that “Every assignment of change of beneficiary, or other *1100 transfer, shall be valid ”, except in cases involving an intent to defraud creditors.
The law also seems clear that provisions of a policy that a change of beneficiary is to take effect only when approved in writing by the company (or indorsed on the policy of insurance itself) are for the benefit of the company alone and not of any other persons, and may be waived by the company. (Rothstone v. Norton, 231 App. Div. 59, affd. 256 N. Y. 601; Gould v. Travelers Ins. Co., 266 App. Div. 545.)
Here, decedent by signing and mailing to the insurance company the “ Request to Law Department for Designation ”, identifying the policy and clearly stating and designating therein the primary and secondary beneficiaries, and the method of payment, has clearly indicated by substantial documentary evidence delivered to the insurance company his desire and intention to change the beneficiary and has complied with the necessary prerequisites to effect the change. If there is any provision of the policy requiring approval by the insurance company of a change of beneficiary, or indorsement thereof on the policy, it has not been asserted by the insurance company and is therefore deemed to be waived.
The law is clearly established that where a policy of life insurance payable to a designated individual beneficiary is pledged to a third party as collateral security for a debt of the insured, and there appearing to be no contrary intention on the part of the insured, then the primary obligation for the debt rests on the estate of the insured, and if the creditor collects the debt from the proceeds of the policy, then the designated individual beneficiary of the policy is subrogated to the rights of the creditor to collect from the estate of the insured. (Walzer v. Walzer, 3 N Y 2d 8 and cases therein cited.)
The facts of the present case are strikingly similar to those of the Walser case. We are not informed of the date of the assignment of the Penn Mutual Life Insurance Company policy to the bank as collateral, or whether the assignment was made before the ‘1 Request to Law Department for Designation”. However, this would appear to be immaterial in any event, since the policy was at all times payable to a specific individual beneficiary. There is no evidence or indication of any intent on the part of decedent that the interest of the bank was to be paramount to that of the designated individual beneficiary.
In our opinion, the decision of the Court of Appeals in the Walser case is decisive of the present one.
It is, therefore, the decision of the court that the estate of deceased is indebted to Mildred Goerne Crossman, individually *1101 in the sum of $7,045.90, representing the amount of the debt owing from decedent to the creditor bank and collected by the bank from the proceeds of the life insurance policies in which we have found she was the beneficiary, and the executors are directed to pay such sum to her accordingly. This will of necessity require an adjustment in the corpus of the trusts created by paragraphs “ Fourth (A) ” and “ Fifth ” of decedent’s will and the executors are directed to make such adjustment by filing a supplemental account, to be submitted to the special guardians for their approval or objections.
Decree to be submitted in accordance with this opinion.